ROSENBERG v. UNITED STATES.

(Circuit Court, S. D. New York. February 22, 1906.)

No. 4,126.

CUSTOMS DUTIES—PROTEST—SUFFICIENCY—INDEFINITE CONTENTION.

Certain imported merchandise was erroneously classified as wool wearing apparel, instead of as manufactures in chief value of fur. The importers, in protesting against the classification, stated as reasons for their objection merely that the merchandise was "dutiable at the appropriate rate and under the proper paragraph according to the component material of chief value." *Held*, that this did not meet the requirement of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that an importer in protesting shall set forth "distinctly and specifically  *  *  *  the reasons for his objections."

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review overruled protests of J. & H. Rosenberg against the assessment of duty by the collector of customs at the port of New York.

Walden & Webster (Howard T. Walden, of counsel), for importers.
Henry A. Wise, Asst. U. S. Atty.

WHEELER, District Judge. These importations were of felt bands of wool cloth, fur coated, which were assessed as wool wearing apparel, under paragraph 370, of the Act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], against protests as to some that they should be assessed as in chief value of fur, under paragraph 450, Schedule N, 30 Stat. 193 [U. S. Comp. St. p. 1678], and as to the rest, "that said merchandise is dutiable at the appropriate rate and under the proper paragraph according to the appropriate material of chief value." The former protests were sustained, and the latter overruled as insufficient. The question here now is as to that sufficiency.

The customs administrative act requires (section 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]), as had been long required before, that the importer shall, if dissatisfied, "give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reason for his objections thereto." There is the general provision in section 7 of the act of July 24, 1897 (chapter 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as well as more special provisions in various schedules, laying duties according to the component material of chief value; and this protest would put the collector upon examination of the articles, to ascertain the component material of chief value, and of all of the provisions of the act, to ascertain the applicable paragraph. This does not seem to set forth either distinctly or specifically what the collector ought to know in order to understand the reasons for the objections on which the importer must stand. Davies v. Arthur, 96 U. S. 148, 24 L. Ed. 758.

Decision affirmed.