UNITED STATES *v.* VANDIVER (No. 1495).[1]

COTTON CORSETS TRIMMED WITH LACE.

These goods were cotton corsets trimmed with lace. Since Lever lace was not the component material of chief value, the merchandise was excluded from the provisions of paragraph 350, tariff act of 1909, and they did not fall within the terms of the provisos to paragraph 349. They were properly held dutiable under the principal provision of paragraph 349.

[1] Reported in T. D. 35395 (28 Treas. Dec., 779).

United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37007 (T. D. 34984).
[Affirmed.]

Bert Hanson, Assistant Attorney General (Thomas J. Doherty, special attorney, on the brief), for the United States.
Jno. L. Vandiver for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Corsets imported at the port of Philadelphia and classified by the collector of customs as wearing apparel in part of Lever lace were assessed for duty at the rate of 70 per cent ad valorem under the provisions of paragraph 350 of the tariff act of 1909, which paragraph, in so far as pertinent to the case, reads as follows:

350. Laces, embroideries, * * * and veils composed of cotton, silk, artificial silk, or other material (except wool), made on the Lever or Gothrough machine, seventy per centum ad valorem: Provided, That no wearing apparel, handkerchiefs, or articles of any description, composed wholly or in chief value of any of the foregoing, shall pay a less rate of duty than that imposed upon the articles or materials of which the same are composed.

The importer protested that the merchandise was cotton wearing apparel composed in part of lace, cotton chief value, and that therefore the goods were dutiable under that part of paragraph 349 of the tariff act of 1909 which reads as follows:

349. Laces, * * * wearing apparel, and all other articles made wholly or in part of lace or laces, or in imitation of lace; * * * all of the foregoing, composed wholly or in chief value of cotton, * * * and not elsewhere specially provided for in this section, sixty per centum ad valorem: Provided, That no article composed wholly or in chief value of one or more of the materials or goods specified in this paragraph, shall pay a less rate of duty than the highest rate imposed by this section upon any of the materials or goods of which the same is composed: And provided further, That no article or fabric of any description, composed of flax or other vegetable fiber, or of which these materials or any of them is the component material of chief value, when embroidered by hand or machinery, or having hand or machinery embroidery thereon, shall pay a less rate of duty than that imposed in this section upon any embroideries of the materials of which such embroidery is composed.

The goods in question were returned by the collector as cotton wearing apparel in part of Lever lace, and were reported by the appraiser to be cotton clothing consisting of corsets made of cotton and in part of Lever lace. At the hearing before the board the Government examiner testified that the merchandise was cotton corsets trimmed with Lever lace, but that he could not recall whether the corsets were embroidered, tamboured, appliquéd, or scalloped in any manner. His attention having been called to the appraiser's report, in which the goods were returned as cotton clothing in part of Lever lace, the examiner stated that the report was correct. This witness also testified that the corset and not the Lever lace was the component material of chief value. On the return of the col-

lector, the report of the appraiser, and the testimony of the examiner, the board found that the goods in controversy consisted of cotton wearing apparel made in part, but not in chief value, of Lever lace. The protest was accordingly sustained and thereafter and within the time prescribed by law the Government applied for a rehearing upon the ground that the entry showed that the goods were embroidered and upon the further ground that the appraiser had, subsequent to the decision, positively reported that the goods were embroidered. On this petition the board granted a rehearing, but when the case came on to be reheard the Government introduced no additional evidence whatever and submitted the case on the record. The board thereupon again sustained the protest, and from that decision the Government took an appeal. The entry presented to the collector states that the corsets are embroidered articles, which statement, the importer claims, was made in order that the estimated duties might be fixed pending the customs examination of the goods and the official determination of their nature and character. Whatever was the purpose of describing the goods as embroidered, it is very evident that the entered description can not be given a weight, as evidence sufficient to overcome the classification made by the collector and reported by the examiner, especially as the examiner declared under oath that the report of the appraiser was correct. The appraiser having reported that the goods were cotton clothing in part of lace and the collector having classified them as wearing apparel in part of lace they must be so considered for the purpose of this appeal, in the absence of any evidence to the contrary.

As the examiner testified that the Lever lace on the corsets was not the component material of chief value it is clear that they do not come directly within the provisions of paragraph 350, and as the goods are not composed wholly or in chief value of one or more of the materials specified in paragraph 349 it is equally clear that they can not be subjected to a duty of 70 per cent ad valorem by virtue of the first proviso to the last-named paragraph. The return of the collector and the report of the appraiser, considered in conjunction with the testimony of the examiner, establish that the corsets were not embroidered, and from that it follows that they can not be brought under paragraph 350 by virtue of the second proviso to paragraph 349.

The decision of the Board of General Appraisers is therefore *affirmed.*