UNITED STATES *v.* DRAEGER SHIPPING CO., INC.

**No. 5118.**—Invoices dated Atvidaberg, Sweden, November 19, December 17, 1937.
Certified November 20, December 18, 1937.
Entered at New York December 15, 1937, January 8, 1938.
Entry Nos. 99417, 102144.

Third Division, Appellate Term

(Decided February 7, 1941)

*Charles D. Lawrence,* Acting Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the appellant

*Julius J. Rosenberg* for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is an application for review of the judgment of the trial court. The decision below, published in Reap. Dec. 4870, was rendered after rehearing. A former decision in the same cases was published in Reap. Dec. 4785.

At the trial the two cases were consolidated for hearing. Each appeal covers merchandise described as "50 sets for Facet calculating machines, model EK" invoiced at 266.10 Swedish crowns per set and entered at the same value, less forwarding charges. The invoice covered by No. 128079–A was certified in Sweden on November 20, 1937, and that covered by No. 128080–A was certified on December 18, 1937. The sets were appraised at 401.10 Swedish crowns per set on the basis of cost of production under section 402 (f) of the Tariff Act of 1930. The appraiser found also some excess parts in the cases in each shipment, but at the trial the importer did not contest the appraised value of the excess parts.

The court below appraised the sets on the basis of cost of production and found the value to be 279.33 Swedish crowns per set.

The appellant makes two contentions before this division: (1) that the United States value under section 402 (e) is the proper basis for appraisement, and (2) that, in any event, the plaintiff below failed to overcome by evidence the presumption of correctness attaching to the appraiser's finding of value at 401.10 Swedish crowns per set on the basis of cost of production.

The court below reviewed the evidence in the decision in detail. We have carefully examined the record and deem it unnecessary again to set forth the same facts of record discussed by the trial judge. It is clearly established by the record that there were no sales of the imported merchandise or similar merchandise in Sweden, the country in which the merchandise was manufactured, and, therefore, there is no foreign value for the goods. The record shows also that sales of the articles to dealers in the United States were restricted to one firm, so there is no export value for the goods. Counsel for the Government admitted in open court that the merchandise was appraised on the basis of cost of production. From that appraisement it must be presumed that the appraiser found that there was no United States value, because the cost of production cannot be used as a basis of appraisement unless there be no foreign, export, or United States value.

The Government, the appellant in this case, contends here, and also contended in the court below, that the sets of parts for the calculating machines, model EK, should be appraised on the basis of United States value under section 402 (e), and that such value is $123.05 per set. The appellant points out in its brief that the value $123.05 is $9.65 higher than the appraised value. While it has been

held that an appellee in a case before a division of this court cannot succeed in securing a higher value than that returned by the trial court (*Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318), no cases have been brought to our attention in which it has been held that the same rule applies before a single judge. Section 501 of the Tariff Act of 1930 provides that the single judge shall "determine the value of the merchandise."

The appellee contends before this division that the appraisement creates the presumption that the appraiser found all the necessary facts to exist which authorized him to adopt the cost of production basis of appraisement, citing *Klytia Corp.* v. *United States*, Reap. Dec. 4632, and that the burden was on the Government to overcome that presumption before the trial court.

It is well settled that when the Government, as a litigant before the court, contends for a principle different from that adopted by the customs officers who are duly authorized to make the original decision from which the importer appealed, the Government has the burden of establishing its claim. *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. 112, T. D. 49241; *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. 203, T. D. 46728; *United States* v. *Okuda & Co.*, 23 C. C. P. A. 46, T. D. 47713.

The Government introduced no affirmative proof before the trial court but claimed that the United States value of the sets is established by the cross-examination of the importer's witness. That cross-examination is as follows:

X Q. You assemble them and sell them at wholesale as complete machines?—A. Wholesale? Yes, we sell them at wholesale.

\*       \*       \*       \*       \*       \*       \*

X Q. Now, Mr. Phelps, I believe each one of these shipments consisted of fifty sets of parts, did it not?—A. Yes.

X Q. And that means fifty machines in a knocked-down condition for each shipment?—A. Yes.

X Q. Fifty machines, you say. I show you the papers in Reappraisement 128079–A, and ask you if that importation also contains some complete machines not in a knocked-down condition?—A. Yes, I see it does. It also includes some complete machines as well as those boxes of parts in that particular shipment.

X Q. They were not in a knocked-down condition. They were the same machines in a different condition?—A. Some of them were the same machines. I see some are hand operated machines, which are not the same, with parts; but there are also some electric machines, which are the same.

X Q. Those machines that came in already set up, you entered at United States value, did you not?—

\*       \*       \*       \*       \*       \*       \*

A. Yes.

X Q. That was the price at which you sold the assembled machines in this country in wholesale quantities, was it not?—

\*       \*       \*       \*       \*       \*       \*

A. I don't understand the question.

X Q. You said you entered the machines that came in already assembled at their United States value?—A. Yes, because we were obliged to.

X Q. That was the price at which you sold such machines in this country when they were assembled in their assembled condition, is that right?—

\*          \*          \*          \*          \*          \*          \*

A. When you say the "price in this country", do you mean United States value?

X Q. Yes. Based upon your price in this country that was the United States value of such machines in an assembled condition; is that right?—A. Yes; that's right.

Judge KINCHELOE. Q. You mean you sold your machines which came in already assembled at the same price you sold your other machines that came in in a knocked-down condition and that you afterwards assembled?

The WITNESS. A. Yes, sir.

We are of opinion that the testimony quoted above fails to establish United States value for the imported sets of parts of machines herein under consideration. One vital defect in the proof is that the Government did not show that the claimed United States value is based on sales of the same or similar merchandise *at the time of exportation* of the goods from Sweden. In the case of *Stern Hat Co.* v. *United States*, 26 C. C. P. A. 410, C. A. D. 48, the court held that the absence of such proof was fatal to the claim of United States value. The court said at page 416:

It is only the sale of merchandise imported previous to the dates of exportation of the merchandise being appraised that can be resorted to as a basis for arriving at the United States value of such merchandise.

In the case of *United States* v. *Sheldon & Co.*, 23 C. C. P. A. (Customs) 245, T. D. 48108, speaking of United States value of imported merchandise, we said:

The conclusion of the division as to the method of ascertainment of United States value must be the correct one, under the language of section 402 (e) of said tariff act. The said value is the price at which such or similar imported merchandise is *freely offered for sale*, packed, in the principal market of the United States, to all purchasers, *at the time of exportation* of the merchandise which is being valued. This could, of course, be established only by such or similar goods which had been previously imported and were being freely offered for sale at the time of export of the goods being valued. [Italics quoted.]

It is obvious that United States value must be based on the sales of such or similar merchandise made at the time of exportation, not the time of importation. The Government's theory is based upon the presumption that the sets of parts of machines are similar to the completed machines imported in the same shipment covered by appeal 128079–A and that the appraiser based his valuation of the completed machines on sales made at the time of exportation. Of course that theory is not applicable to the merchandise in appeal 128080–A because there were no completed machines in that shipment. But the question of whether the sets or parts of machines covered by appeal 128079–A are similar to the completed machines in that shipment is a subject requiring proof of similarity. No such proof was offered in this case. Similarity is a question of fact to be established

by evidence. In the case of *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714, the court announced the details of proof required to establish that one article is similar to another for valuation purposes. The court said at page 25:

In view of the common meaning of the word "similar" and of the authorities cited, we are of opinion, and so hold, that if goods are made of approximately the same materials, are commercially interchangeable, are adapted to substantially the same uses, and are so used, ordinarily, they are similar within the meaning of section 402 (b).

We find no evidence in the record tending to show that the sets of parts are commercially interchangeable with complete machines and we are of opinion the evidence is not sufficient to show that the sets are similar to completed machines within the definition of "similar" as defined by the appellate court.

In the view we take of this case, the decisions in *Carey & Skinner* v. *United States*, 13 Ct. Cust. Appls. 7, T. D. 40848, and *Gevaert Co.* v. *United States*, Reap. Dec. 3128, cited by the appellant, are not applicable. Those decisions relate to the ascertainment of United States value by considering as a basis the sales price of the imported merchandise in the United States with a different form of packing or covering thereon from that in which it was imported.

We hold that the record does not establish United States value of the sets of parts of machines covered by either appeal 128079–A or 128080–A.

The appellant makes the alternative claim that the trial court erred in determining the cost of production, the details of which are enumerated in the decision below as follows:

|  | Swedish Crowns |
|---|---|
| Cost of materials | 86. 07 |
| Cost of labor | 33. 30 |
| General Expenses | 60. 65 |
| Cost of containers and other costs, charges, and expenses incident to placing said merchandise in condition packed ready for shipment to the United States | 3. 00 |
| Profit | 96. 31 |
| Total | 279. 33 |

The items in the above tabulation appear in substantially the same form in exhibit 1 directly under the statement:

. The actual sales value of the said imported merchandise shown by our figures and books is 279:33 Swedish crowns. This figure is the sum of the following:

Attached to the affidavit are four typewritten pages of statistics. The first page shows the total expenses of the manufacturer for the year 1937. The second, third, and fourth pages show in detail how the manufacturer arrived at the cost of production of the different models he produced. Of course the only pertinent parts of the tabu-

lation involved in this case are those portions which refer to the unassembled machines, model EK.

The appellant criticizes the words "actual sales value" in the paragraph immediately preceding the tabulation showing the cost of production, and argues that "actual sales value" is not the same as the statutory cost of production. It appears from an examination of this document that although the affiant uses the words "actual sales value" in his affidavit the computations on the four pages of typewritten matter attached thereto indicate that the costs of materials, labor, overhead, packing, and profit are the subject matter of the document. While the term "actual sales value" is confusing, the tabulation really shows the cost of production.

The appellant criticizes also an item for "reconstruction of factory buildings," amounting to 25,487.77 Swedish crowns, which is included in the expense of overhead in the computation of costs for the year. Appellant argues that the cost of reconstruction of factory buildings is usually paid out of accumulated profits, intimating that the expenses for overhead in the computation should be lower and the profits increased by that amount. The appellee argues that even if the contention of appellant is correct, the total statutory cost of production would be the same, and, inasmuch as the charge for profits in the exhibit is more than 8 per centum of the total amount of the costs, 8 per centum being the minimum amount of profits required by the statute, such error would not affect the result.

The appellant criticizes the charge for sales costs and commissions included in the charge for general expenses. We find no error in the inclusion of those items. In fact, it might be improper if they were omitted. The charge for general expenses enumerated in the exhibit—60.15 Swedish crowns—is more than 10 per centum of the entire cost of production of the articles, and, therefore, if the charges for sales costs and commissions were omitted, as claimed by appellant, the cost of production tabulated in the exhibit would still meet the requirements of the statute. If the items criticized by Government counsel were omitted, the cost of production would be less than that shown in the affidavit.

Section 402 (f) of the Tariff Act of 1930 reads as follows:

COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise

under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

It has been held that where no manufacturer or producer in the country of exportation, other than the exporter of merchandise imported into the United States, is engaged in the production or manufacture of merchandise of the same class or kind or like or similar to that covered by an importation, as in the instant case, the general expenses and the profits of the manufacturer are sufficient to meet the provisions of the statute for the purpose of showing the cost of production. *United States* v. *Henry Maier*, 21 C. C. P. A. 41, T. D. 46378; *United States* v. *F. B. Vandegrift & Co. et al.*, 26 C. C. P. A. 360, C. A. D. 42. In the latter case, the court said at page 368:

Assuming, therefore, that machines of the same general character or of the same class or kind as those here involved are not manufactured by other manufacturers or producers in Germany, the profit ordinarily added by the Ambeg Co. on machines like those here involved may be properly considered in a determination of the cost of production of the particular machines under consideration. *United States* v. *Henry Maier, supra.*

We find from the record that the imported sets of parts of machines herein involved were not sold or offered for sale at or prior to the dates of exportation in the markets of Sweden, the country of production; that the sales of such or similar merchandise by the manufacturer and exporter were restricted to the importer in this case; that there is no evidence showing that the same or similar imported goods were freely offered for sale or sold in the markets of the United States on the dates of exportation thereof from Sweden; that the cost of production of the merchandise was 279.33 Swedish crowns per set.

On this state of facts we hold that there was no foreign, export, or United States value for the goods, and that the proper basis of appraisement is the cost of production, which is 279.33 Swedish crowns per set. The judgment of the court below is affirmed.