(C. D. 620)

OVIATT IMPORTING Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 24, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil* and *Richard H. Welsh*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a portion of the duties assessed on a commodity described on the entry as "19 cases orange champagne cocktail of 12 bottles each." The collector assessed duty at the rate of $3 per gallon under paragraph 803 of the Tariff Act of 1930 as modified by the trade agreement with France, which is published in T. D. 48316. In addition, the bottles containing the merchandise were assessed at one-third of 1 cent per pound under paragraphs 810 and 217. Also, internal revenue tax was assessed at the rate of 2½ cents per one-half pint.

The claims relied upon by the plaintiff are that the commodity is not champagne or sparkling wine but is dutiable as a nonenumerated manufactured article at 20 per centum ad valorem under paragraph 1558 and that the bottles are free of duty as the usual containers of the goods. It is claimed also in the amendment to the protest that the merchandise is not subject to assessment under the internal revenue tax law.

The provisions of the Tariff Act of 1930 involved read as follows:

PAR. 803. [As amended by trade agreement with France, T. D. 48316.] Champagne and all other sparkling wines—$3.00 per gal.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

PAR. 217. Bottles * * * wholly or in chief value of glass, filled or unfilled not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable

at the rate applicable to their contents), shall be subject to duty as follows: If holding more than one pint, 1 cent per pound; * * *

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The collector does not state under what provision of law the internal revenue tax was assessed, but, as the merchandise was imported on December 28, 1936, we assume it was assessed under section 319 (d) of the Liquor Tax Administration Act of June 26, 1936, 49 Stat. 1939, 1952, reading as follows:

(d) Section 613 of the Revenue Act of 1918, as amended (U. S. C., 1934 ed., title 26, sec. 1300 (a) (2); U. S. C., 1934 ed., Supp. I, title 26, sec. 1300 (a) (2)), is amended to read as follows:

Sec. 613. (a) Upon the following articles which are produced in or imported into the United States, after the date of the enactment of the Liquor Tax Administration Act, or which on the day after such date are on any winery premises or other bonded premises or in transit thereto or at any customhouse, there shall be levied, collected, and paid, in lieu of the internal-revenue taxes imposed thereon by law prior to such date, taxes at rates as follows, when sold, or removed for consumption or sale:

On each bottle or other container of champagne or sparkling wine, 2½ cents on each one-half pint or fraction thereof; * * *.

The only evidence in the case consists of a sample of the merchandise, which was marked exhibit 1, and two depositions executed by the senior partner and director of the shipper and producer of the commodity. This testimony states the proportion of the various ingredients which enter into the merchandise involved is as follows:

Orange Champagne Cocktail: 79% Champagne wine, 21% Cognac, Curacao Liquor, Angostura Bitters and Sugar.

The witness stated that he was unable to give the exact cost of the various ingredients, but that the champagne costs four times the amount of the cost of the other ingredients. The label on exhibit 1 reads as follows:

REXOR
A HEARTY COCKTAIL
ORANGE
CHAMPAGNE COCKTAIL
PRÉPARÉ AU VIN DE LA CHAMPAGNE VITICOLE
Manufactured & Shipped by
Compagnie Bordelaise des Mousseux
Bordeaux (France)
Produce of France.

Another label which seems to have been attached in this country reads:

SPARKLING COCKTAIL
IMPORTED BY
OVIATT IMPORTING CO.
617 SOUTH OLIVE STREET LOS ANGELES (Cal)
Alcohol by volume 16% (32% Proof)
CONTENTS 1 PINT 10 FL. OZ. IMPORT PERMIT L–131

It is the contention of the plaintiff that while champagne is the component of chief value, the imported commodity is something more than champagne and is a manufacture of which champagne is the component of chief value, having a new name, use, and characteristics which differ from the name, use, and characteristics of the ingredients from which it is made, and, being nonenumerated, will fall within the provision for nonenumerated manufactured articles in paragraph 1558 of the Tariff Act of 1930.

Counsel for the defendant argues in his brief that the plaintiff has not overcome the presumption of correctness attaching to the collector's decision by the evidence produced because there is not a scintilla of evidence in the record tending to establish that the merchandise is neither champagne nor any sparkling wine within the provisions under which the collector classified the shipment or that the commodity differs in characteristics or use from the ingredients from which it was made.

We are inclined to agree with the contention of the defendant. The record fails to show that the commodity is not commonly or commercially known as champagne or sparkling wine. At any rate, if it was conceded that the orange champagne cocktail is not directly within the provision for "Champagne and all other sparkling wines," before the provisions of paragraph 1558 of the Tariff Act of 1930 can apply, the application of the following provision in paragraph 1559 must be considered:

PAR. 1559. * * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; * * *

The rules of classification were set forth in the early case of *A. D. Best* v. *United States*, T. D. 17159, G. A. 3476, as follows:

(1) Commercial designation, which must be "definite, uniform and general, and not partial, local, or personal." *Maddock* v. *Magone*, 152 U. S. 368; *Sonn* v. *Magone*, 159 U. S. 417.

(2) Ordinary or proper designation, the more special or particular description predominating over those more general or less definite. *Heddon* v. *Richard*, 149 U. S. 343; *Vietor* v. *Arthur*, 104 U. S. 498.

(3) In the classification of merchandise, under enumerations by descriptive component materials, the component material of chief value will govern the rate of duty. *Liebenroth* v. *Robertson*, 144 U. S. 35.

(4) If governed by use (in the absence of specific provision to the contrary), the chief or predominant use will generally govern. *Magone* v. *Wiederer*, 159 U. S. 555.

(5) If none of the above rules apply, the next resort must be to the similitude clause. *Arthur* v. *Fox*, 108 U. S. 125; *Arthur* v. *Butterfield*, 125 U. S. 71.

(6) The last resort, after exhausting all others, is to the general "catch-all clause" of the tariff act. [In this case paragraph 1558, *supra.*]

The *Best* case, *supra*, arose under the Tariff Act of 1894 which embodied in section 4 thereof the language which has been reenacted in subsequent tariff acts and now appears in paragraph 1559. We think to the list enumerated should be added that the next to the last resort should be the mixed-materials clause in said paragraph 1559, leaving (6) above, the "catch-all clause" as a last resort. This is necessarily so because of the wording of the respective paragraphs, the provisions in paragraph 1559 being more specific than the general provisions for nonenumerated articles in paragraph 1558, *supra*. Therefore we cannot resort to the "catch-all clause" in paragraph 1558 until we have found the "mixed-materials" clause in said paragraph 1559 inapplicable.

The record shows clearly that champagne is the component material of chief value in the imported merchandise. Under the terms of the provision in paragraph 1559 above quoted, it is manifest that Congress intended that such a commodity should be dutiable at the rate applicable to champagne, which is $3 per gallon as assessed by the collector. The principle involved is in some respects similar to that in *Cellas (Inc.)* v. *United States*, 18 C. C. P. A. 237, T. D. 44405, in which case the merchandise consisted of antipasto which was composed of fish, olives, onions, gherkins, artichokes, and oil. The court held that the commodity was dutiable under the provision for "fish packed in oil" under paragraph 720, by virtue of the mixed-materials clause in paragraph 1460 of the Tariff Act of 1922. The court said:

The merchandise here is a nonenumerated manufactured article which, by reason of fish being its material of chief value and by reason of its being in oil, is, under the provisions of the mixed-materials clause of paragraph 1460, Tariff Act of 1922, subject to the duty provided for "fish packed in oil" in the first clause of paragraph 720—30 per centum ad valorem. We so adjudge.

We are of opinion that the mixed-materials clause in paragraph 1559 bars classification of the merchandise under paragraph 1558 in any event, and, in view of the further fact that the plaintiff failed to

prove that the orange champagne cocktail was not champagne or other sparkling wine, either commonly or commercially, we hold that the presumption of correctness attaching to the collector's classification has not been overcome. The claim under paragraph 1558 is overruled.

The further claim that the bottles are free of duty is overruled also. As the orange champagne cocktail is held dutiable at a specific rate—$3 per gallon—the bottles come within the provisions of paragraph 217 as bottles holding more than 1 pint and not containing merchandise subject to an ad valorem rate of duty. Since the merchandise contained in the bottles is within schedule 8, paragraph 810 makes the bottles dutiable at one-third of the rates provided therefor in paragraph 217, that is, at one-third of 1 cent per pound.

As to the claim that the merchandise is not subject to the internal revenue tax of 2½ cents per one-half pint under the Liquor Tax Administration Act of June 26, 1936, we have before us the same question as is involved with respect to the classification under paragraph 803 of the Tariff Act of 1930, as amended by the trade agreement with France. The record fails to show that the merchandise is not champagne or sparkling wine within the common or the commercial meanings of those terms. We are of opinion that the collector committed no error in assessing the tax of 2½ cents on each half pint of the commodity under the internal revenue tax law.

All claims in the protest are overruled. Judgment will be entered in favor of the defendant.