(C. D. 929)

WATER TREATMENT CO. OF AMERICA *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 14, 1945)

*Strauss & Hedges; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Robert C. O'Grady, Richard F. Weeks,* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before OLIVER, COLE, and CLINE, Judges; CLINE, J., concurring; COLE, J., dissenting

OLIVER, Presiding Judge: The plaintiff herein seeks to recover duties claimed to have been illegally exacted on merchandise described as "Lauritzen Colloid" or "Boiler Water Purifying Colloid."

It was classified under paragraph 5, Tariff Act of 1930, reading as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

The protest herein contains several claims but plaintiff relies upon its claim under paragraph 1558 as a nonenumerated manufactured article.

The record in the case and the law applicable thereto is so ably analyzed in the dissenting opinion of my associate, Judge Cole, filed herewith, that it is deemed unnecessary to cover the same ground herein. I am in accord with Judge Cole except as to the party charged with the burden of establishing the component material of chief value under the mixed-materials provision of paragraph 1559.

The merchandise before us is admittedly composed of more than two materials and, in view of the fact that both parties to this litigation have agreed that this case is controlled by the case of *Quong Yuen Shing Co.* v. *United States*, 31 C. C. P. A. 43, C. A. D. 247, it may safely be asserted that this merchandise is a nonenumerated manufactured article. Defendant, however, contends that as this article is composed of two or more materials it is subject to the so-called mixed-materials provisions of paragraph 1559 and that the nonenumerated provisions of paragraph 1558 cannot be invoked until the provisions of paragraph 1559 have been exhausted. This contention of the Government was not stated until after the case had been submitted for decision. In fact, it first appeared in defendant's brief, wherein it was contended that the protest herein should be dismissed on the ground that plaintiff had not made out a *prima facie* case since it had failed to establish the component material of chief value in the imported merchandise. The court, upon its own motion, restored the case to the calendar "for further proof as to the component material of the imported merchandise of chief value, as provided for in paragraph 1559 * * *."

When the case again appeared upon the calendar plaintiff refused to accept the burden of establishing the component material of chief value, asserting that it had made out a *prima facie* case. Defendant likewise refused to accept the burden, contending that the burden was on the plaintiff in the first instance to establish the component material of chief value. Both parties resubmitted the case on the record as previously made.

Plaintiff's position is that it has made out a *prima facie* case by establishing that the collector's classification under paragraph 5, as a mixture of chemical salts and compounds, was erroneous and that its own claim under paragraph 1558 as a nonenumerated manufactured

article was correct. This was all that plaintiff was called upon to do in order to establish a *prima facie* case. In *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T. D. 34128, the court said:

> * * * To put the Government to its proofs, it was sufficient for the importers to show *prima facie* that their classification was correct and that the collector's classification was wrong, and once that was done the burden of proceeding shifted to the Government—not because the burden of proof had shifted, but because *prima facie* the importers had sustained that burden and proved their case by a preponderance of evidence.

And further:

> * * * the question in the present controversy, as we see it, is not whether the importers were charged with the burden of proof, but whether they met their obligations by introducing credible, material, and competent evidence which showed, at least *prima facie*, that the collector's classification was incorrect and that the goods were dutiable under the paragraph claimed in the protest.

It is not a question of shifting the burden of proof. This burden is always on the plaintiff, but by establishing a *prima facie* case it has sustained this burden. If the Government contends that the merchandise is subject to a higher rate of duty based upon the mixed-materials provision of paragraph 1559, it must assume the burden of going forward and affirmatively establishing the facts upon which such higher rate of duty would be applicable. This it has refused to do.

As the collector's classification is concededly erroneous, there is no presumption of correctness attaching to his decision (*United States* v. *Okuda & Co.*, 23 C. C. P. A. 46, T. D. 47713).

In open court plaintiff's counsel, in reply to a query from the court, while stating that he had not waived plaintiff's claim under the mixed-materials provision of paragraph 1559, admitted said claim was, in effect, abandoned. This blanket claim, printed on plaintiff's protest form, reads as follows:

> The above claims severally and collectively are alternatively made under the paragraphs or sections cited, both directly, and by virtue of the "similitude" and "component material of chief value" clauses of Par. 1559 of the Tariff Act of June 17, 1930, and under the rules relating to the ordinary meaning of words, the commercial designation of the merchandise, or the chief or principal use thereof.

In this connection, it should be noted that it has been held that a protest claiming merchandise to be dutiable "at the appropriate rate and under the proper paragraph according to the component material of chief value" would not be sufficient to sustain a claim for refund of duties claimed to be excessive, *in the absence of a specific claim under the appropriate paragraph of the tariff act* (*Rosenberg* v. *United States*, 146 Fed. 84, T. D. 27183).

It would seem that one seeking to invoke the mixed-materials provision of paragraph 1559 would be called upon to prove that two or more materials exist in the article, that such materials are specifically provided for elsewhere in the tariff act, which of such materials is the

component of chief value, and the particular paragraph and rate of duty to which it is claimed the article is subject.

The plaintiff herein was not bound to establish a claim upon which it did not rely and while not waived had, in effect, been abandoned by not being supported by proper proof. Counsel for plaintiff stated (R. 33): '

&ast; &ast; &ast; but we do not abandon any of those claims because it's been held by this court that if an importer doesn't prove any of the claims that are made in his protest the effect is the same as if they are abandoned.

The claim in the protest that the merchandise is properly dutiable at 20 per centum ad valorem under paragraph 1558 as a nonenumerated manufactured article is therefore sustained. In all other respects the protest is overruled.

Judgment will issue accordingly.

CONCURRING OPINION

CLINE, Judge: I concur in the opinion of my associate Judge Oliver that the burden of going forward with the evidence and establishing the applicability of the mixed-materials clause is upon the Government.

In my opinion, at the conclusion of the first hearing, plaintiff had established *prima facie* that the merchandise was not classifiable under paragraph 5, but was dutiable under paragraph 1558, following *Quong Yuen Shing Co.* v. *United States*, 31 C. C. P. A. 43, C. A. D. 247. The fact that the court restored the case to the calendar for further proof as to the component material of chief value does not alter the fact that the burden of going forward with the evidence rested on the defendant, the party who first interjected that claim.

The rules as to burden of proof and burden of going forward with the evidence are stated in *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T. D. 43128, as follows (p. 83):

The Government contends, and correctly, that the burden of proof was on the importers all the way through the case to show that the collector was wrong and that he was right. As a corollary to that proposition it follows that unless the importers produced some evidence substantiating prima facie the correctness of his claim, no duty was imposed on the Government to sustain the correctness of the collector's classification or to make proof that the importers were wrong.

The burden of proof—that is to say, the obligation imposed by law on a litigant of establishing a fact by evidence—never shifts; but the duty of meeting or overcoming evidence in favor of or against any given contention may shift from one side to the other during the progress of the trial, according as the nature and weight of the proofs tend to support or controvert the fact or facts, the ascertainment of which is necessary for the proper judicial determination of the case. Central Bridge Corporation v. Butler (2 Gray, 68 Mass., 130–132); Scott v. Wood (81 Cal., 398, 400–402).

In that case the collector classified the merchandise as artificial leaves, fruits, flowers, and grasses, and the importers claimed that

the goods were manufactures in part of metal. The Government contended at the trial that if the merchandise could not be classified as artificial leaves or flowers, it should be classified as manufactures in chief value of cotton or silk. There was no evidence from which it could be determined whether silk, wire, or cotton was the component of chief value and it was held that the importers had made out a *prima facie* case and that it was incumbent upon the Government to put in evidence to sustain the collector's action or to prove that the goods were not dutiable under the paragraph claimed in the protest. The court said further (p. 84):

* * * The goods were not classified as articles composed in chief value of cotton or silk and there was neither presumption nor evidence of any kind that the merchandise was of that character. There was evidence that it was of the character claimed by the importers. Consequently, although the provisions for manufactures in chief value of cotton or silk are more specific than the provision for articles in part of metal, the goods here in controversy must be classified under the metal paragraph in accordance with the weight of the evidence, there being no evidence showing or tending to show that they are in chief value of silk or cotton.

There is no substantial difference between that case and the instant case. The importer here has shown that the collector's classification was erroneous and has offered evidence that the merchandise is of the character claimed; thereafter the burden of going forward with the evidence shifted to the Government.

In the instant case it is the Government which claims the applicability of the mixed-materials clause. In *United States* v. *Draeger Shipping Co., Inc.*, 6 Cust. Ct. 783, Reap. Dec. 5118, affirmed in 29 C. C. P. A. 258, C. A. D. 199, the court said (p. 785):

It is well settled that when the Government, as a litigant before the court, contends for a principle different from that adopted by the customs officers who are duly authorized to make the original decision from which the importer appealed, the Government has the burden of establishing its claim. *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. 112, T. D. 49241; *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. 203, T. D. 46728; *United States* v. *Okuda & Co.*, 23 C. C. P. A. 46, T. D. 47713.

It is also a general rule that where it is claimed that a commercial meaning different from the common meaning of a term exists, the burden of proving it devolves upon him who makes the claim. ⋅ *United States* v. *Briggs Manufacturing Co.*, 14 Ct. Cust. Appls. 1, T. D. 41526; *United States* v. *Wilfred Schade & Co.*, 16 Ct. Cust. Appls. 366, T. D. 43092; *Sunde & D'Evers Co.* v. *United States*, 17 C. C. P. A. 24, T. D. 43321.

In *Julius Wile Sons & Co.* v. *United States*, 73 Treas. Dec. 661, T. D. 49514, the collector classified the merchandise as baked articles and plaintiff claimed that they were properly dutiable as nonenumerated manufactured articles. In its brief the Government claimed that the mixed-materials clause was applicable. No proof was offered

as to the component material of chief value. The court found for the plaintiffs, stating (p. 662):

> The Government contends that the provisions of the mixed materials clause in paragraph 1559, *supra*, are applicable to these cheese balls in suit. It is argued that the cheese balls are manufactured from baked articles and cheese and since the importer has failed to offer proof as to the component material of chief value in the commodity he has not made a *prima facie* case.
>
> It is true that in the *Renken & Yates Smith* case, *supra*, the Court of Customs and Patent Appeals requested at the oral argument that supplemental briefs be filed on the applicability of the mixed materials clause. However, it decided that the record was inadequate for a proper determination of that question. The record before us is in the same condition, that is, it is lacking in proof as to the component material of chief value in the commodity.

In *Renken & Yates Smith Corp.* v. *United States*, 22 C. C. P. A. 225, T. D. 47143, cited by the court in the *Julius Wile* case, *supra*, the court said (p. 229):

> At the time of the oral arguments in this court, it was requested that counsel furnish the court with supplemental briefs on the question of whether the mixed-materials clause, contained in paragraph 1559, *supra*, was applicable to the involved merchandise. Due no doubt to the fact that the question of the applicability of the mixed-materials clause was not raised in the court below, the record is inadequate for a proper determination of that question by this court. Accordingly, we deem it unnecessary and inadvisable to discuss it.

The circumstances in the present case are similar except for the fact that instead of additional briefs being requested the court restored the case to the calendar for further proof.

In *United States* v. *Vandiver*, 6 Ct. Cust. Appls. 149, T. D. 35395, the merchandise was classified as wearing apparel in part of lace. The importer claimed that the merchandise was composed in part of lace but was in chief value of cotton. After a trial, the court below found that the merchandise consisted of cotton wearing apparel made in part, but not in chief value, of lace. The Government applied for a rehearing upon the ground that the entry showed the goods were embroidered but when the case came on to be reheard the Government offered no further evidence. The protest was again sustained and an appeal taken. It was held that the description in the entry was not sufficient evidence to overcome the classification made by the collector. Although there is no statement in the case in regard to burden of proof, the holding indicates that, as the Government injected the claim that the goods were embroidered, the burden was upon it to prove it.

The dissenting opinion of Judge Cole refers to *Oviatt Importing Co.* v. *United States*, 8 Cust. Ct. 276, C. D. 620, and *Cellas (Inc.)* v. *United States*, 18 C. C. P. A. 237, T. D. 44405. It is to be noted that in those cases the component material of chief value was clearly established. In the instant case there is no evidence whatever as to the component material of chief value. Although there is an analysis showing the

percentage of each component material in the product, there is nothing to show the value of those materials. The absence of such proof is a bar to invoking the statutory construction applied in those cases. Paragraph 1559 is not applicable until it is determined what is the component material of chief value. That leads directly to the issue in the instant case, that is, on whom is the burden cast of proving which is the component material of chief value. As I have already indicated, that burden is upon the Government in the instant case, since it is the Government which is making the contention that the mixed-materials clause is applicable.

To hold for the defendant in the instant case would result in a requirement that in all cases where merchandise composed of more than one material is claimed to be dutiable under paragraph 1558, the importer must prove what is the component material of chief value and that such material is not dutiable by virtue of paragraph 1559, regardless of whether the importer is making any claim under paragraph 1559 or not. On the other hand, it works no hardship on either party to require that the one claiming the applicability of paragraph 1559 put in proof in support of such contention.

The authorities are in agreement that where the Government sets up a new claim, the burden is upon it to prove it. Here the Government claims that the mixed-materials clause is applicable, but it has not proved the necessary facts, that is, that one or more of the component materials of the merchandise is provided for specifically in the tariff act, nor which of such materials is the component of chief value and the particular paragraph and rate of duty to which the article is subject. Therefore, the protest must be sustained and judgment rendered for the plaintiff.

### DISSENTING OPINION

COLE, Judge: Pursuant to the rules of this court (rule 41) this case was assigned to the writer for decision which was written for acceptance as a majority opinion. My first inclination would be to dissent with a brief statement covering my position on the sole issue in controversy, but in view of kind reference by the court to the opinion as originally prepared it is submitted without much change.

This case involves the tariff classification of merchandise invoiced either as "Lauritzen Colloid" or as "Boiler Water Purifying Colloid," which the collector classified as a mixture of chemical salts and compounds not specially provided for, under paragraph 5 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 5), reading as follows:

All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

The protest contains several claims, but the one upon which plaintiff relies is that for classification as a nonenumerated manufactured article under paragraph 1558 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1558) which provides:

That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The sole witness in the case was the Government chemist—concededly qualified—who made qualitative and quantitative analyses of the imported merchandise. He found the commodity to be a solution consisting of water (51.9 per centum), sodium hydroxide (4 per centum), sodium carbonate (19.2 per centum), and sodium salts of vegetable acids (24.9 per centum). The combination of ingredients is not a natural one, being a physical mixture in which the components exist as separate compounds and can be separated by physical means, as distinguished from a chemical mixture where a chemical reaction is produced resulting in an entirely new compound in which the constituents become inseparable. The quantity of sodium hydroxide found in the imported commodity is not indicative of the amount originally used because "part of the sodium hydroxide undoubtedly must have combined with whatever vegetable acids are present in here to form the sodium salt of vegetable acids. But the part that is in excess of that particular combination is 4 percent."

Plaintiff relies upon the judicial interpretation announced in *Quong Yuen Shing Co.* v. *United States*, 31 C. C. P. A. 43, C. A. D. 247. That case involved a product known as ve-tsin, consisting of "a mixture containing 82.15 per centum monosodium glutamate, 16.75 per centum sodium chloride (salt) and 1.10 per centum moisture," and used for flavoring soups and gravies. There, as here, the constituents were physically mixed, to form the artificial combination, marketed commercially 'under the label, "Ve-tsin." The court excluded the merchandise from classification under paragraph 5, *supra*, under the following statutory construction:

The merchandise at bar, however, is not a chemical *compound* in the sense that salt and mono sodium glutamate, its respective constituent compounds, are, but is a *mixture* in which the properties of the respective compounds have not lost their identity, but may be separated.

Paragraph 5, *supra*, obviously is broad enough to include such a mixture, and, in our view, it does so, except when one or more of the constituent compounds of the mixture are specially provided for elsewhere. It seems clear to us that the phrase "all the foregoing * * * not specially provided for" runs to "all chemical salts and compounds," and if there be one such which is specially provided for in some other paragraph, it is thereby removed from paragraph 5 for tariff purposes. Further, we are of the opinion that the phrase "any of the foregoing" taken in connection with the phrase "not specially provided for" excludes mixtures of chemical compounds from the paragraph when one of the compounds

of the mixture is elsewhere specially provided for. In other words, the mixtures provided for in paragraph 5, *supra*, include only those mixtures which have constituent compounds, no one of which compounds is itself excluded from the paragraph by a specific provision for it elsewhere in the tariff act.

Common salt is *eo nomine* provided for in paragraph 81 of the Tariff Act of 1930. Under our view, therefore, the mixture at issue, which includes salt as a substantial component part thereof, is excluded from classification under paragraph 5, *supra*.

In giving the paragraph the construction which we have, we have followed the clear grammatical sense of the language used, as that language is arranged, and hence have followed the authorities cited in the brief on behalf of the Government upon this point. *Schneider Bros. & Co.* v. *United States*, 13 Ct. Cust. Appls. 519, T. D. 41392.

In the present case, two of the constituent compounds, sodium hydroxide and sodium carbonate, of the imported commodity are specifically provided for in paragraph 81 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 81), and therefore, under the principle adopted in the cited case, the collector's classification is erroneous.

Defendant concedes that the uncontradicted testimony removes the instant merchandise from classification under paragraph 5, *supra*, following the judicial pronouncement in the *Quong Yuen Shing Co.* case. In making this admission, however, counsel do not concede judgment in favor of the plaintiff under classification in paragraph 1558, *supra*, as a nonenumerated manufactured article, as held in the said case. On the contrary, defendant claims that the protest should be overruled because plaintiff has failed to show inapplicability of the so-called mixed-materials provision in paragraph 1559 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1559) which says that:

on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value;  \*  \*  \*.

The proposition is presented in counsel's brief (p. 3) as follows:

\*  \*  \*  In other words, paragraph 1558 can not be invoked until, the provisions of paragraph 1559 have been exhausted. The catch-all clause in paragraph 1558 should be used only as a last resort. If the component material in chief value is provided for in a dutiable list the article of mixed materials is dutiable under the paragraph providing for the component material in chief value. If the component material in chief value is not provided for in the dutiable list the article, mixed materials, is then dutiable under 1558.

The court was not apprised of this contention until the case was submitted for decision on September 27, 1944. There was not the slightest indication of defendant's position, either in the official papers transmitted by the collector or at the trial of the case. The issue was injected, for the first time, in counsel's brief, so obviously plaintiff was not prepared to meet it. Recognizing the need for additional proof, the court, upon its own motion, issued an order under date of October 18, 1944, restoring the case to the docket

"for further proof as to the component material of the imported merchandise of chief value, as provided for in paragraph 1559, supra," because "the provisions of said paragraph are, in the opinion of the court, highly germane."

Pursuant to said order, the case appeared on the calendar of December 6, 1944, at which time it was resubmitted by both parties without further evidence being offered by either side, although counsel explained their respective positions. Plaintiff contended that in showing the application of the *Quong Yuen Shing Co.* case, *supra*, a *prima facie* case supporting one of the protest claims, had been established, and whether or not paragraph 1559 should be considered was a matter of proof assumed by defendant when it raised the issue. The court's observation that the protest included a claim for classification under the "component material of chief value clause of paragraph 1559" prompted the following colloquy:

Judge COLE: 1558 and 1559 are both in the protest?

Mr. SCHWARTZ: Yes, they are, Your Honor.

Judge COLE: Neither paragraph is abandoned by the plaintiff?

Mr. SCHWARTZ: Well, of course, 1558 is not abandoned.

Judge COLE: Is 1559 abandoned?

Mr. SCHWARTZ: 1559 is not abandoned. We do not abandon any claim under protest, if the court please. We have other claims under protest in addition to 1558. We have other claims under Paragraph 81, or under Paragraph 1, or Paragraph 1670, Paragraph 38, but we do not abandon any of those claims because it's been held by this court that if an importer doesn't prove any of the claims that are made in his protest the effect is the same as if they are abandoned. But we rely upon 1558 and we say that we brought the case within 1558 by reason of the Ve-tsin decision.

The adherence to all claims emphasizes the sufficiency of the protest to support classification according to component material of chief value, within the principle laid down in *Rosenberg* v. *United States,* 146 Fed. 84, T. D. 27183, cited by the court (p. 4).

Defendant insists that it is incumbent on plaintiff, as part of its case in chief, to exhaust the provision in paragraph 1559, *supra,* before stressing paragraph 1558.

The merchandise in question is admittedly composed of more than two materials and by virtue of the agreement that the *Quong Yuen Shing Co.* case, *supra*, has application herein, it can be accepted that the product before us is an unenumerated manufactured article.

It is definitely within the class of merchandise contemplated by the mixed-materials provision in paragraph 1559, *supra*. Hence, we find plaintiff pressing for classification under the general provisions of paragraph 1558, *supra*, a product that fits the specific requirements of paragraph 1559, *supra*. The latter is more specific than the former, *Oviatt Importing Co.* v. *United States,* 8 Cust. Ct. 276, C. D. 620, affirmed on rehearing (Abstract 50145). *Cellas (Inc.)* v. *United States,* 18 C. C. P. A. (Customs) 237, T. D. 44405, also recognized

the scope of the so-called mixed-materials clause. It is true that in both of the cited cases, the component material of chief value in the merchandise under consideration had been established, but the absence of such proof here is no bar for invoking the same statutory construction. I have no doubt the appearance of the claim under paragraph 1559 in the protest, an original thought of plaintiff, was prompted by the common-sense reasoning the two paragraphs supply and their clear application to a situation like that confronting us here.

Complete support for this statutory analysis is found in the *Oviatt* case, *supra,* where the third division of this court, in an opinion by Cline, J., set forth an outline of tariff principles for establishing classification of imported merchandise. After quoting from *A. D. Best* v. *United States,* T. D. 17159, G. A. 3476, and listing six rules for adopting tariff classifications, the court said:

> The *Best* case, *supra,* arose under the Tariff Act of 1894 which embodied in section 4 thereof the language which has been reenacted in subsequent tariff acts and now appears in paragraph 1559. We think to the list enumerated should be added that the next to the last resort should be the mixed-materials clause in said paragraph 1559, leaving (6) above [paragraph 1558], the "catch-all clause" as a last resort. This is necessarily so because of the wording of the respective paragraphs, the provisions in paragraph 1559 being more specific than the general provisions for nonenumerated articles in paragraph 1558, *supra.* Therefore we cannot resort to the "catch-all clause" in paragraph 1558 until we have found the "mixed-materials" clause in said paragraph 1559 inapplicable.

It was plaintiff's burden, as part of its direct case in proving the correctness of its claim under paragraph 1558, *United States* v. *Edson Keith & Co.,* 5 Ct. Cust. Appls. 82, T. D. 34128, to show that it was either impossible or impracticable to determine the component material of chief value in the instant merchandise, thereby eliminating it from paragraph 1559. Otherwise, the plain and unambiguous language of the said provision in paragraph 1559 precludes merchandise like that in question—a nonenumerated manufactured article composed of more than two materials—from being subject to tariff classification elsewhere. Plaintiff chose not to offer the essential proof referred to. In fact, plaintiff declined at the oral argument, following restoration of the case to the calendar, to accept the burden for furnishing competent proof with respect to the component material of chief value required under the present issue, despite the fact that the analysis, disclosing the merchandise in question to be a product with two or more materials and revealing the respective percentages thereof, was presented as part of plaintiff's case. I have been unable to find any law which permits the plaintiff, under circumstances such as I find here, to rest at that point and transfer to his adversary the additional burden he had assumed in his initial pleadings. Consequently, the claim under paragraph 1558, on the basis of the present record, cannot be considered.

In reaching this conclusion, full recognition is given to the presence of the similitude provision in paragraph 1559, but I find no reason for the concern expressed by plaintiff, in counsel's brief, as follows:

The fallacy of the Government's position becomes apparent when we consider a comparable situation arising from the "similitude" clause in Par. 1559. It is settled law that "the 'similitude' provisions of the Tariff Act take precedence over the 'nonenumerated' provisions. Therefore, if a given importation does not respond directly to any of the dutiable enumerations of the act, but nevertheless is capable of classification thereunder because of a similitude of material, quality, texture, or use, duty should be assessed according to that similitude, rather than under the provision for nonenumerated articles." *(Isler & Guye v. United States,* 11 Ct. Cust. Appls. 340, 342–343; T. D. 39146.)

Therefore, by the same reasoning upon which the Government relies in the present case, it should also be the rule that before this court may hold merchandise dutiable under the nonenumerated provisions, the plaintiff must exhaust the "similitude" provisions by proving that the merchandise is not similar in material, quality, texture or use to any article, material or product enumerated in the dutiable list of the tariff act.

There is nothing in the reasoning employed in this case to warrant the severe interpretation that plaintiff fears. Neither the statute, itself, nor any judicial interpretation thereof contemplates that as a condition precedent for invoking the "nonenumerated articles" provisions in any case, the similitude clause in paragraph 1559 must be exhausted. However, if the testimony disclosed that the merchandise in question was similar to some other product named in the tariff act without further proving definitely the provision in such paragraph under which the similar product was listed, then, as here, it being apparent to the court that the similitude clause was applicable, additional proof would be required before the plaintiff in such a case might claim residence in paragraph 1558.

There has been no consideration given in this case to the similitude clause in paragraph 1559 because it is in no way involved in the present issue. The product in question is concededly a nonenumerated manufactured article, and as such is provided for in both paragraphs 1559 and 1558. Under the doctrine of relative specificity, the mixed-materials clause in the former must prevail over the catch-all provision in the latter.

*Renken & Yates Smith Corp.* v. *United States,* 22 C. C. P. A. (Customs) 225, T. D. 47143, cited to support plaintiff's position, is distinguishable from the present case. There, the appellate court refused to consider the applicability of the mixed-materials clause in paragraph 1559 because the question "was not raised in the court below" and "the record is inadequate for a proper determination of that question," concluding that "we deem it unnecessary and inadvisable to discuss it."

The merchandise in question is classifiable under the mixed-materials provision of paragraph 1559, *supra,* but since the record

fails to show the component material of chief value the applicable rate is indeterminable. The protest should therefore be overruled without affirming the action of the collector.