BEFORE THE FIRST DIVISION, NOVEMBER 12, 1963

No. 68090.—Border Brokerage Co. *v.* United States, protest 60/28093 (Seattle).

OLIVER, Chief Judge: This protest relates to merchandise, described on the invoice as "PLASTIC STIR STICKS" and classified by similitude in use to glass articles, not household articles, not specially provided for, under paragraph 218(f) of the Tariff Act of 1930, as modified, and paragraph 1559(a), as amended, and assessed with duty at the rate of 30 per centum ad valorem.

Plaintiff's principal claim is for classification under the provision for non-enumerated manufactured articles in paragraph 1558 of the Tariff Act of 1930, as modified, with a dutiable assessment at the rate of 10 per centum ad valorem. Alternative claims are made for classification by similitude in use either to manufactures of wood, not specially provided for, under paragraph 412, as modified, and paragraph 1559, as amended, carrying a dutiable rate of 16⅔ per centum ad valorem, or to articles composed of compounds of cellulose, other than cellulose acetate, under paragraph 31(b)(2), as modified, and paragraph 1559, as amended, with a dutiable assessment at the rate of 25½ per centum ad valorem.

The provisions of paragraph 1559, as amended, which control the disposition of the issue before us, read as follows:

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

The ·collector's classification of the present merchandise by similitude "is tantamount of an admission on the part of the defendant that the merchandise is not classifiable directly under any of the dutiable enumerations of the tariff act," *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract· 65216. It is also well settled that the provision for nonenumerated manufactured articles, in paragraph 1558, as modified, may be considered only after any of the dutiable enumerations of the tariff act, including the similitude provisions of paragraph 1559, as amended, are found to be inapplicable, *United States* v. *Stouffer Co.*, 3·Ct. Cust. Appls. 67, T.D. 32351; *Oviatt Importing Co.* v. *United States*, 8 Cust. Ct. 276,·C.D. 620.

It appears from the record herein that the articles in question are plastic stirrer sticks, or swizzle sticks, used in stirring drinks, and that they were "introduced in the late '30's." (R. 9.) Prior thereto, stirrer sticks were made of wood (plaintiff's exhibit 2) and twisted paper. Since then, and at the present time, cellophane swizzle sticks (plaintiff's collective exhibit 3), composed "essentially of regenerated cellulose (cellophane), a compound of cellulose other than cellulose acetate," (plaintiff's exhibit 4) are also used. All stirrer sticks or swizzle sticks, of whatever material composed, are used for the same purpose, i.e., to stir drinks.

Glass stirrer sticks, or swizzle sticks, are not desirable. There has been no substantial use thereof. Plaintiff's witness, whose business includes the sale of bar supplies, stated that he had not seen a glass stirrer stick offered on the market, and that, if such an article were offered, "I wouldn't buy it because of the shattering of the glass." (R. 11.) Defendant's witness, a bartender with several years' experience, testified that among several items of merchandise that were purchased "we got a little box with maybe three or four dozen glass stir rods, which we got rid of because we didn't think they were functional. They looked dangerous to us. The same as this thing [plaintiff's collective exhibit 1], just six inches long, with a knob on the end, made out of glass." (R. 16.)

On the basis of the present record, as hereinabove outlined, we find that the collector's classification of the present merchandise, by similitude in use to glass articles, is erroneous; that stirrer sticks are made of wood, twisted paper, and

"regenerated cellulose (cellophane)," exhibit 4, *supra*, as well as plastic, such as the articles under consideration; that, in their method of use and the result therefrom, the plastic stirrer sticks in question equally resemble stirrer sticks made of wood, twisted paper, and cellophane; and that prior to the use of plastic stirrer sticks, the material chiefly used to make such articles was wood.

Under this factual situation, showing, as it does, that the plastic stirrer sticks under consideration equally resemble in use two or more enumerated articles—wood, twisted paper, and cellophane, "a compound of cellulose other than cellulose acetate," exhibit 4, *supra*—on which different rates of duty are chargeable, the statute, paragraph 1559, as amended, *supra*, provides that the imported article, in question "shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed."

Substantially the same condition, as that disclosed with respect to the present merchandise, was before us in *Ignaz Strauss & Co., Inc., et al.* v. *United States*, 45 Cust. Ct. 161, C.D. 2218. In that case, the merchandise consisted of certain plastic back scratchers that were similar in use to articles of bamboo, bone, wood, and ivory. There, as here, the determinative in classifying the merchandise by similitude under said amended paragraph 1559 was dependent on the comparative resemblance of materials, and, in reaching our conclusion, we stated as follows:

\* \* \* There does not seem to be any question, so far as similitude of materials is concerned, that the amended provision contemplates comparison on the basis of physical characteristics only, and not upon the basis of frequency of use.

Under the foregoing statutory construction, classification of the stirrer sticks in question shall be controlled not by the material chiefly used, but rather by the material whose physical characteristics most resemble the present merchandise.

The articles under consideration are concededly made of plastic. The uncontradicted evidence herein shows that there are in use stick stirrers "composed essentially of regenerated cellulose (cellophane), a compound of cellulose other than cellulose acetate" (exhibit 4, *supra*), which, in the light of the present record, "most resemble[s] in respect of the materials of which \* \* \* composed," paragraph 1559, as amended, the plastic stirrer sticks involved therein. Accordingly, we hold the merchandise in question, described on the invoice as "PLASTIC STIR STICKS," to be properly classifiable by similitude in use to articles composed of compounds of cellulose, other than cellulose acetate, under paragraph 31(b)(2), as modified, and paragraph 1559, as amended, with a dutiable assessment at the rate of 25½ per centum ad valorem, as alleged by plaintiff.

That claim in the protest is sustained and judgment will be rendered accordingly.