**No. P66/199.**—J. M. Sutton Sons & Co. *v.* United States, protest 60/27089 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of plaques similar in all material respects to those the subject of *Arnart Imports, Inc.* v. *United States* (54 Cust. Ct. 187, C. D. 2531), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, AUGUST 23, 1966

**No. P66/200.**—Paul E. Sernau, Inc. *v.* United States, protest 65/4915 (New York).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of plastic stir sticks similar in all material respects to those the subject of *Border Brokerage Co.* v. *United States* (51 Cust. Ct. 247, Abstract 68090), the claim of the plaintiff was sustained.

**No. P66/201.**—Dingelstedt & Co. *v.* United States, protests 65/12542, 65/7242, and 65/17940 (New York).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of plastic feeders or fountains similar in all material respects to those the subject of *Zenith Novelty Co. et al.* v. *United States* (49 Cust. Ct. 215, Abstract 67011), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, AUGUST 23, 1966

**No. P66/202.**—Freedman & Slater, Inc., a/c Durst Manufacturing Co., Inc., et al. *v.* United States, protests 215178–K, etc. (New York).

RAO, C.J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of hose nozzles similar in all material respects to those the subject of *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859), the claim of the plaintiffs was sustained.