### UNITED STATES v. CHINA & JAPAN TRADING CO., Limited.

(Circuit Court of Appeals, Second Circuit. November 17, 1893.)

CUSTOMS DUTIES—JAPANESE WALL DECORATIONS.

    Japanese wall decorations, made of paper, or of paper and cotton, or of narrow strips of bamboo joined together with cotton cord, and upon which representations of flowers, of birds, or of human figures are painted in water colors, the large bodies of colors being applied by stenciling, while the features of the work which are delicate and ornamental and give character to the article are by hand, are dutiable, under paragraph 465 of the act of October 1, 1890, at 15 per cent. ad valorem, as "paintings in oil or water colors." Such articles are not dutiable, respectively, according to the component material of chief value, under paragraph 425, as manufactures of paper not specially provided for, paragraph 355, as manufactures of paper and cotton, cotton chief value, not specially provided for, and paragraph 230, as manufactures of wood not specially provided for, at 25, 40, and 35 per cent. ad valorem, respectively.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Application by the China & Japan Trading Company, Limited, for review of a decision of the board of general appraisers in relation to certain importations of wall decorations by said company. The circuit court reversed the decision of the board of general appraisers. The United States appeal. Affirmed.

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Dist. Atty., for the United States.

Albert Comstock, for respondent.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The China & Japan Trading Company imported into the port of New York, in the year 1891, sundry invoices of Japanese wall decorations, which were invoiced as paintings. These articles were made either of paper, or of paper and cotton, or of narrow strips of bamboo joined together with cotton cords, and upon which representations of flowers or of birds or of human figures were painted in water colors. They were very cheaply made in Japan, and were valued at from 17 to 45 cents

each. The theory of the collector was that the figures and devices were produced by stenciling; that this process did not convert the material to which it was applied into painting; and that the articles were dutiable, respectively, as manufactures of paper not specially provided for, at 25 per cent. ad valorem, as manufactures of paper and cotton, cotton chief value, not specially provided for, at 40 per cent. ad valorem, and as manufactures of wood not specially provided for, at 35 per cent. ad valorem, according to the component material of chief value in the respective articles. This classification was under paragraphs 425, 355, and 230 of the tariff act of October 1, 1890.

The importers duly protested, upon the ground that the merchandise was properly dutiable at 15 per cent. ad valorem, as "paintings in oil or water colors," under paragraph 465 of the same act. The board of general appraisers affirmed the action of the collector. Upon appeal, this decision was reversed by the circuit court for the southern district of New York, which held that the merchandise was dutiable at 15 per cent. ad valorem. The decision of the general appraisers was based upon the finding that no evidence was presented to them which overthrew the appraisers' statement that the figures upon the several kinds of decorations were produced by stenciling, and they therefore found that the articles were decorated by means of a stencil or some other mechanical process. The articles were made for the purpose of hanging upon the wall of a room, and were not intended to be objects of utility, but to be merely decorative. The samples of the merchandise which represent animals or human figures are grotesque, while those which represent birds or flowers have an attractiveness which could materially mitigate the homeliness of the plain or rough wall of a room, which needed inexpensive decorations. If they were produced by some mechanical process, they cannot properly be called "paintings." If made by stamping or by impressing, they would be called "prints." If they were produced by hand painting, they are inexpensive paintings in water colors, and are included within the general term, which, without limitation or definition, was used in paragraph 465, for the purpose of classification, and which did not restrict paintings to those of an artistic character.

The general appraisers had before them the samples, the statement of the assistant appraiser, who thought that the articles were entirely stenciled, and the testimony of a clerk of the importers, who thought otherwise. In our opinion, the samples are by far the most important part of the testimony, and show that, while the large bodies of color may have been applied by stenciling, the features of the work, which are delicate and ornamental, and which give character to the article, were added by hand.

The decision of the circuit court is affirmed.