---

### F. W. WOOLWORTH & CO. v. UNITED STATES.

#### (Circuit Court, S. D. New York. January 18, 1907.)

#### No. 4,140.

CUSTOMS DUTIES—CLASSIFICATION—SPLASH MATS—PAINTINGS.

Splash mats or screens, which have been crudely decorated at an expense of about 2½ cents apiece by stenciling and by hand painting, which are worth about 4 cents apiece, and which primarily are articles of utility rather than for decoration, are not dutiable as "paintings in oil or water colors" under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United States General Appraisers.

The question at issue concerns the classification for tariff purposes of so-called splash mats or screens, which the collector of customs at the port of New York classified as "manufactures of wood," and which the importers contended should have been classified as "paintings in oil or water colors" under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678]. A further description of the articles and the views of the Board of General Appraisers appear from the following extract from the board's opinion:

McClelland, General Appraiser. The maximum invoice value of the mats in question is 2 marks, 25 pfennigs, per dozen, or about an average of 4 cents United States currency each; and it appears that the cost of stenciling the colors thereon is from 1 mark to 1 mark, 25 pfennigs per dozen. We think it wholly immaterial, however, to a determination of the issue involved what may be the comparative value of the material from which the mats are made

or the cost of placing the color thereon. It is conceded by the importing company that these mats are bought and sold as splash mats, and they are commonly known in the trade as such. They are unquestionably articles of utility, being used either as a protection to the wall behind a washstand, or as receptacles for newspapers when doubled in pocket form. The evidence before us is that the coloring on the mats, which is in oil, is mainly placed thereon by the stenciling process, and in some instances the figures are touched up with a brush by hand. We do not think that articles such as these mats, of such insignificant value and decorated in such a crude, cheap way, rise to the dignity of paintings. It is manifest that it requires no artistic skill to place the decorations upon them.

Our attention is directed to a decision of the United States Circuit Court of Appeals in the case of United States v. China & Japan Trading Co., Limited, 58 Fed. 690, 7 C. C. A. 433, wherein certain Japanese wall decorations made of paper, or of paper and cotton, or of narrow strips of bamboo joined together with a cotton cord, and upon which representations of flowers, birds, or human figures were painted in water colors, a large part of the color being applied by stenciling, while the features of the work, which were delicate and ornamental and gave character to the article, were placed thereon by hand, were held to be paintings in oil or water colors; but we think there is a marked difference between the issue here involved and that which was before the court in the case cited. The court said, among other things: "The articles were made for the purpose of hanging upon the wall of a room, and were not intended to be objects of utility, but to be merely decorative. * * * In our opinion, the samples are by far the most important part of the testimony, and show that while the large bodies of color may have been applied by stenciling, the features of the work, which are delicate and ornamental and which give character to the article, were added by hand."

Here there is no question that the mats in question are not articles of utility, but merely decorative. On the contrary, it appears that their general use is as articles of utility; nor does it appear that the features of the work as the result of the appliance of the brush by hand, nor any part of the work on the mats, is delicate and ornamental. The question involved is very similar to that before the board in T. D. 21,406 (G. A. 4,492), wherein certain mats and covers similarly made for similar use were held to be manufactures of wood.

Our conclusion is the same in this case, and we overrule the protest, and affirm the collector's decision.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Llovd, Asst. U. S. Atty.

HAZEL, District Judge. The articles in question consist of wood strips joined or sewn together and known in trade as splash mats or screens. They were correctly assessed for duty by the collector at 35 per cent. ad valorem as manufactures of wood, under paragraph 208 of the act of July 24, 1897, c. 11, § 1, Schedule D, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647]. The articles are not paintings, as claimed by the importers, even though pictures or landscapes appear thereon. The testimony shows that the outlines of the pictures are first stenciled and then painted by hand; but the mats or screens are articles of utility, and the decorative or coloring feature is secondary. As a precedent for holding that the articles in fact are dutiable as "paintings" under paragraph 454 of said act, the importers cited United States v. China. & Japan Trading Co., Limited, 58 Fed. 690, 7 C. C. A. 433. In that case the articles were wall decorations and were not "objects of utility."

The decision of the board is affirmed.