UNITED STATES *v.* EDSON KEITH & CO. (No. 946).[1]

1. BURDEN OF PROOF.

The burden of proof never shifts, but here the importer had sustained that burden prima facie, proving his case by a preponderance of evidence, and the Government was thereby called to offset that evidence by proof of equal weight tending either to sustain the collector's action or to prove the goods were not dutiable as claimed.

2. MANUFACTURES IN PART OF METAL.

Although the provisions for manufactures in chief value of cotton or silk are more specific than the provision for articles in part of metal, the goods here fell within the metal paragraph (paragraph 193, tariff act of 1897), according to the weight of the evidence.

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 28964 (T. D. 32655).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistan. attorney, on the brief), for the United States.

*Lester C. Childs* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

This case involves the classification of wreaths, clusters, sprays, bouquets, aigrettes, pompons, and artificial plants, made of artificial leaves, fruits, flowers, and grasses, branched or bound together by wire. The merchandise was classified by the collector of customs as artificial leaves, fruits, and flowers, dutiable at 50 per cent ad valorem under the provisions of that paragraph of the tariff act of 1897 which in part reads as follows:

425. * * * Artificial or ornamental feathers, fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this Act, fifty per centum ad valorem.

The importers claimed that the goods were manufactures in part of metal and therefore dutiable at 45 per cent ad valorem under the provisions of paragraph 193 of said act, which is as follows:

193. Articles or wares not specially provided for in this Act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The Board of General Appraisers sustained the protest. On appeal from that decision this court held, first, that the goods were not arti-

[1] Reported in T. D. 34128 (26 Treas. Dec., 143).

ficial leaves, fruits, or flowers, but manufactures of such wares and wire, and having a name and a use so distinct and different from that of their components as to take them out of the category of artificial leaves, fruits, and flowers; second, that the constituents of the wreaths, clusters, sprays, bouquets, aigrettes, pompons, and artificial plants were not silk and cotton and wire, but artificial leaves, fruits, flowers, and wire, and that as there was no provision for articles composed of artificial leaves, fruits, or flowers the goods were dutiable as wares composed in part of metal.

On February 11, 1913, a rehearing was granted, and on that rehearing it was insisted by the Government that if the merchandise could not be classified as artificial or ornamental fruits, grains, leaves, or flowers they should be classified as manufactures in chief value of cotton or silk. When it came to the consideration of this point, however, it was found that there was no evidence from which we could determine whether silk, wire, or cotton was the component of chief value. A reargument was therefore ordered by the court on its own motion and discussion invited as to whether the burden of proof rested on the Government of establishing that the goods were in chief value of silk or cotton. If the Government was bound to show that the merchandise was made in chief value of silk or cotton, and therefore not dutiable under the metal paragraph as claimed by the importers, it failed to meet that burden and the decision of the board should be affirmed.

The Government contends, and correctly, that the burden of proof was on the importers all the way through the case to show that the collector was wrong and that he was right. As a corollary to that proposition it follows that unless the importers produced some evidence substantiating prima facie the correctness of his claim, no duty was imposed on the Government to sustain the correctness of the collector's classification or to make proof that the importers were wrong.

The burden of proof—that is to say, the obligation imposed by law on a litigant of establishing a fact by evidence—never shifts; but the duty of meeting or overcoming evidence in favor of or against any given contention may shift from one side to the other during the progress of the trial, according as the nature and weight of the proofs tend to support or controvert the fact or facts, the ascertainment of which is necessary for the proper judicial determination of the case. Central Bridge Corporation *v.* Butler (2 Gray, 68 Mass., 130–132); Scott *v.* Wood (81 Cal., 398, 400–402).

With this principle laid down, the question in the present controversy, as we see it, is not whether the importers were charged with the burden of proof, but whether they met their obligations by introducing credible, material, and competent evidence which showed, at least prima facie, that the collector's classification was incorrect and that the goods were dutiable under the paragraph claimed in the protest.

If they did, then at the very least it was incumbent on the Government to offset that evidence by proof of equal weight tending either to sustain the collector's action or to prove that the goods were not dutiable under the paragraph claimed in the protest. The importers were not bound to make out their case to a moral certainty and beyond a reasonable doubt. To put the Government to its proofs, it was sufficient for the importers to show prima facie that their classification was correct and that the collector's classification was wrong, and once that was done the burden of proceeding shifted to the Government—not because the burden of proof had shifted, but because prima facie the importers had sustained that burden and proved their case by a preponderance of evidence. McKelvey on Evidence (2d ed., p. 66 et seq.); Powers v. Russell (13 Pick., Mass., 69, 76–77).

Here the testimony introduced by the importers established, first, that the wares were not artificial leaves, fruits, or flowers, but articles made out of such wares, entitled to a new name and adapted to uses for which the original leaves, flowers, and fruits were not suitable; and from that it followed that the goods were new manufactures not provided for in paragraph 425 and consequently not dutiable as assessed; second, that the articles in controversy were composed in part of metal and therefore prima facie dutiable under paragraph 193 of the act of 1897, as claimed in the protest. This evidence was not contradicted by the Government. The board gave it full faith and credit, and the weight to which it was entitled when produced and submitted to the trial tribunal can not now be denied to it on the surmise that cotton or silk may be the component of chief value, a surmise, by the way, predicated on no evidence and fairly deducible from none of the facts in the case.

True, when the importers proved that the goods were in part of metal they at the same time proved that they were in part of silk and cotton, but that did not show that the articles were in *chief value* of silk or cotton and therefore dutiable as manufactures in chief value of silk or cotton and not as articles in part of metal. Of course, if the collector had assessed the goods as articles composed in chief value of cotton or silk, proof that they were in part of metal would be entirely consistent with the presumption that they were in chief value of cotton or silk and therefore entirely consistent with the presumption that the goods were dutiable as assessed. But that is not this case. The goods were not classified as articles composed in chief value of cotton or silk and there was neither presumption nor evidence of any kind that the merchandise was of that character. There was evidence that it was of the character claimed by the importers. Consequently, although the provisions for manufactures in chief value of cotton or silk are more specific than the provision for articles in part of metal, the goods here in controversy must be

classified under the metal paragraph in accordance with the weight of the evidence, there being no evidence showing or tending to show that they are in chief value of silk or cotton.

The protest as to single leaves and single flowers was abandoned by the importers upon the hearing, and as to such single leaves and flowers this decision does not apply.

The decision of the Board of General Appraisers is *affirmed*.