(C. D. 2055)

ITALIAN SHIPPING COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 11, 1958)

*Michael Stramiello, Jr.,* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*William J. Vitale,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The two protests consolidated, protest 275015–K and protest 300466–K, raise the same issue under administration as to whether a number of small parcels addressed to indi-

viduals in different parts of the United States, including New York City, which are placed in large packages and shipped from an international forwarding company in Italy, Alfredo Bressani & Sons, to a broker in New York City, Italian Shipping Company, for customs clearance and distribution in the United States, are *bona fide* gifts from persons in a foreign country, to persons in the United States, not exceeding $10 in aggregate value, and entitled to free entry under the provisions of 19 U. S. C. section 1321 (§ 321, Tariff Act of 1930, as amended by § 13 of the Customs Simplification Act of 1953, T. D. 53318); or whether such shipments are dutiable importations.

In protest 275015–K there are five entries and in protest 300466–K there are eight entries. Plaintiff, in open court, abandoned all entries under protest 275015–K, except entry No. 1817, and in protest 300466–K abandoned all entries, except No. 1234.

The statute and customs regulations applicable to the issue raised in this case are:

[19 U. S. C.] § 1321. Administrative exemptions.

(a) The Secretary of the Treasury, in order to avoid expense and inconvenience to the Government disproportionate to the amount of revenue that would otherwise be collected, is authorized under such regulations as he shall prescribe, to—

⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

(2) Admit articles free of duty and of any tax imposed on or by reason of importation, but the aggregate value of articles imported by one person on one day and exempted from the payment of duty shall not exceed—

(A) $10 in the case of articles sent as bona fide gifts from persons in foreign countries to persons in the United States, or

⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

Customs regulations, as amended June 14, 1954:

8.3 Entry required; exceptions.— . . .

⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

(c) The collector shall pass free of duty and internal-revenue tax, and without the preparation of an entry, any article sent as a bona fide gift from a person in a foreign country to a person in the United States, provided the aggregate value of such articles received by one person on one day does not exceed $10. An article is "sent" for purposes of this paragraph if it is conveyed in any manner other than on the person or in the accompanied or unaccompanied baggage of the donor or donee.

Another subparagraph, which was added and approved June 14, 1954, is paragraph (d) (4), which reads:

(4) Consolidated shipments addressed to one consignee shall be treated for purposes of this section as one importation.

The documents covering the packages are sent by freight forwarders to the plaintiff, who uses them to make application for customs appraisement entries on customs Form 7500 for clearance through customs. The plaintiff then picks up the packages of parcels from the

pier and transports them in customs bonded trucks to his warehouse. There, plaintiff fills in a form containing the Italian Shipping Company letterhead, labeled "Manifest," and containing a reference number for each package. The name and address of the so-called donee and the name of the shipper are typed in, the words "gift parcel" are printed under the word "contents," and the names of 12 commodities are printed under the word "article." A "Manifest" is placed next to the package which purports to contain the article checked on it. The plaintiff stated that his employees open the packages in the presence of customs officials. The so-called "manifests" do not contain the name or initial of any customs examiner, and the plaintiff could not specifically identify the customs verifier whom he stated wrote the weight or value figures on the "manifests" in the protests in issue (R. 20). The plaintiff stated his office wrote the duty due. The "manifests" are not signed by anyone. Clearly, the "manifests" do not on their face appear to be papers approved by customs officials, and the values stated on the papers cannot be accepted as those found by an appraiser.

Plaintiff's witness, Ralph F. Elia, stated that Mr. Leo Springer, examiner, approved the form of the "manifest" as a means of simplifying the examination and passing of the packages (R. 29) and that the verifier (who is not specifically named) made notations of the amount of the commodities in all the packages on his worksheet, headed "Appraisement Entry—Continuation Sheet," which was turned over to Mr. L. Springer, the examiner, and attached to the appropriate entry. Mr. Elia further testified that after the examination of the parcels by customs officials they were repacked and the individual parcels delivered to the alleged donees by truck or railway express, upon the payment of the duty, plus the plaintiff's charges, plus the shipper's charge.

Mr. Elia's description of the merchandise as "packed packages," his statement that, in many instances, they were labeled "pacci doni" in Italian, meaning "gift parcels" (R. 11 and 13), and the statements "Gifts—not subject to commercial transactions" and "Gift parcels—not subject to commercial transactions" typed on the appraisement entries filed by the plaintiff, and the expression "Gift parcels" written in ink on a typed bill of lading showing plaintiff to be the consignee of 12 cases of cheese and olive oil, a letter from the freight forwarders in Italy to the Italian Shipping Company stating that two "gift parcels" are being sent for delivery, and the statement "gift parcel" on the so-called "manifest" on plaintiff's letterhead, referred to above, are not sufficient to overcome the presumption of the correctness of the finding of the collector that the parcels are not gifts.

The plaintiff, Italian Shipping Company, is designated as the importer and consignee on the appraisement entries and is the only con-

signee of record. A gift is "a voluntary transfer of personal property without consideration." Black's Law Dictionary, 4th edition 1951, page 817. There is no showing that plaintiff made any arrangements for gifts from the unnamed donors to the alleged donees or that the unnamed donors intended the parcels to be gifts and the alleged donees accepted them as such. No alleged donees were placed on the stand to establish that nothing was sent by them to the alleged donors or the forwarders in return for the alleged gifts. T. D. 53510, effective June 14, 1954, provides, in subparagraph 8.3 (d) (4), that: "Consolidated shipments addressed to one consignee shall be treated . . . as one importation." This customs regulation precludes the collector from allowing free entry under 19 U. S. C. section 1321, as amended (§ 321, Tariff Act of 1930, as amended), and section 8.3 (c) of the customs regulations, as amended, in entry 1234, which was made on November 18, 1954, subsequent to the amendment of the customs regulations by the addition of subparagraph 8.3 (d) (4). Entry 1817, made on December 18, 1953, was prior to the amendment of the customs regulations precluding free entry to consolidated shipments addressed to one consignee, but the evidence adduced with respect to this entry, as well as entry 1234, is in the nature of self-serving statements and not sufficient proof of the fact asserted to overcome the presumption of the correctness of the finding of the collector. The court agrees with the principle stated in *Morse Bros. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 553, 562, T. D. 41432, as follows:

. . . In weighing the evidence, the presumption of correctness attaching to the finding of the collector is not to be regarded as having evidential value, and can not be weighed against the evidence of the party challenging the correctness of his finding. *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82; . . . .

The principle does not apply, however, until the party challenging the correctness of the finding of the collector has first felled the presumption attaching to the finding by competent evidence. *Ibid.*

In order to come within the exemption of the statute, the aggregate value of the articles imported by one person on one day may not exceed $10. The record shows that, with respect to each of the appraisement entries involved, the aggregate value of the articles imported by plaintiff exceeded $10. As there was no showing that the parcels were individually appraised, there is no proof that the value of the parcels did not exceed the statutory limitation of $10.

Since, in our view of the case, the plaintiff has not offered evidence sufficient to overcome the presumption, the collector's finding that the merchandise was not entitled to free entry must prevail. The protests are overruled.

Judgment will be entered accordingly.

DONLON, Judge: I concur with my colleagues in the result. However, since the decision rests squarely on the statute itself, I find it unnecessary to construe or apply the customs regulations and, therefore, disassociate myself from so much of the opinion as relates to the regulations. Whether the customs regulations properly interpret and apply the provisions of the statute, we need not here decide.

Section 321 gives the duty-free privilege to articles "imported" on one day by one person, subject to the circumstances spelled out in that section.

If there is any one who "imported" these articles other than this plaintiff, the record does not disclose who that other importer is. If these articles were "imported" by some one other than plaintiff, or if, on the day of importation, the aggregate value of articles plaintiff imported did not exceed $10, those facts have not been shown.

Plaintiff has not met its burden of proof.