326

BEFORE THE FIRST DIVISION, OCTOBER 2, 1961

**No. 66106.**—B. Shackman & Co., Inc. *v.* United States, protests 59/13629, etc. (New York).

OLIVER, Chief Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, have been limited to the merchandise identified on the invoices as "No. 3518" and generally described as old-timer sets. Classification thereof was under the provision for toys, not specially provided for, in paragraph 1513 of the Tariff Act of 1930, as modified, carrying a duty assessment at the rate of 35 per centum ad valorem.

Tariff classification of merchandise as toys is controlled by statutory definition, set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

PAR. 1513. * * * As used in this paragraph the term "toys" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

The controlling element in the foregoing definition is the matter of chief use, and such use is "for the amusement of children, whether or not also suitable for physical exercise or for mental development."

Plaintiff claims that the articles in question are not toys, within the foregoing definition of the term, but they are properly classifiable under the provision in paragraph 397, as modified, for "Articles or wares not specially provided for, composed wholly or in chief value of lead, but not plated with platinum, gold or silver, or colored with gold lacquer, whether partly or wholly manufactured," with a rate of duty of "1½¢ per pound, but not less than 11¼% nor more than 22½% ad val."

A sample of the merchandise in question is in evidence (plaintiff's collective exhibit 1). It consists of tiny automobiles made to represent models that are now obsolete. Each model measures approximately three-quarters of 1 inch long, one-half of 1 inch high, and having a tread width of one-half of 1 inch. Six models are packed in a small cardboard container or box. Pasted on the cover of the cardboard box is a colored label with the title, "SMALLEST OLD TIMERS EVER MADE," with illustrations of the six models contained therein. Each of the models is appropriately painted. They are so fragile that they will not withstand the slightest handling, which was shown during the course of the trial, when plaintiff's witness completely crumbled one of the tiny automobiles (plaintiff's exhibit 1–A).

The sole witness who appeared herein was plaintiff's office manager who stated that his duties include the preparation and maintenance of plaintiff's purchase and sales records. Referring to the disposition of the old-timer sets involved herein, the witness testified that plaintiff's largest customer is the Edison Institute located in Dearborn, Mich., which is a part of the Henry Ford Museum there. Plaintiff's other purchasers of the present merchandise were the Sturbridge Auto Museum in Sturbridge, Mass., and the James Melton Museum in Florida. The witness' testimony on the matter of use is to the effect that the automobile models in question are miniatures, used by adults for display purposes, and that they are never used for the amusement of children.

Plaintiff's oral testimony is supported by the samples (collective exhibit 1, *supra*), which have an important influence in determining the classification of the present merchandise. Samples are potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 C.C.P.A. (Customs) 219, T.D. 45995; *United States* v. *May*

*Department Stores Co.*, 16 Ct. Cust. Appls. 353, T.D. 43090. The general appearance of these automobile models shows that the articles are obviously novelties and that they are designed for display purposes. They are so light in construction as to be entirely impractical for use as playthings for children.

The probative value of testimony, of the kind adduced herein by plaintiff, was stated in *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122, T.D. 31120, wherein our appellate court stated as follows:

\* \* \* Importers and merchants are naturally desirous of increasing the number of their customers and the demand for the goods in which they deal, and as they have every incentive for knowing the uses to which their wares are or may be put it is only fair to assume, at least *prima facie*, that the only uses known to them are the only uses of such wares. \* \* \*

The case of *B. Shackman & Co. et al.* v. *United States*, 28 Cust. Ct. 298, C.D. 1426, cited by defendant, is distinguishable. There, the issue was whether certain chinaware miniature tea sets were properly classifiable as decorated chinaware, as assessed by the collector, or as toys, as claimed by the importer. Record evidence therein established that "the miniature tea sets in question are used chiefly for the amusement of children at their play or in their doll houses." No comparable factual foundation is before us in this case.

The presumption of correctness that attaches to the collector's classification and upon which defendant was entitled to rely until plaintiff has made out a *prima facie* case has been overcome. The presumption is not evidence and may not be weighed against the evidence produced at the trial. *Marshall Field & Co.* v. *United States*, 20 C.C.P.A. (Customs) 225, T.D. 46037. The burden of going forward shifted to the defendant. *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T.D. 34128. Defendant offered no evidence of any kind and made no attempt to dispute plaintiff's positive proof.

Plaintiff's evidence, as hereinabove discussed, is sufficient to remove the merchandise under consideration from the provision in paragraph 1513 of the Tariff Act of 1930, as amended, for toys, not specially provided for, as assessed by the collector. Since it is conceded that the articles in question, as hereinabove identified, are in chief value of lead and valued over 13⅓ cents per pound and that they are not plated with platinum, gold, or silver, nor covered with gold lacquer, they are, therefore, properly classifiable under the provision for articles of lead, not specially provided for, in paragraph 397, as modified, and dutiable thereunder at 1½ cents per pound but not less than 11¼ per centum ad valorem nor more than 22½ per centum ad valorem, as claimed by plaintiff, and we so hold.

To the extent indicated, the protests are sustained, and judgment will be rendered accordingly.