No. 69567.—Eastman Tag & Label Co. and Harper, Robinson & Co. *v.* United States, protest 62/15657 (San Francisco).

Rao, Chief Judge: The merchandise which is the subject of this protest is described on the consumption entry as an "Applicator Roller" and on the accompanying invoice as "1 Steel Applicator Roller 42'' face x 25½'' circ. engraved with No. 12 ruling pattern, and armour plated with chrome." The collector classified this merchandise within the provision for "print rollers not specially provided for, of whatever material composed, used for printing, stamping, or cutting edges," in paragraph 395 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. As such, it was assessed with duty by the collector at a rate of 40 per centum ad valorem.

The plaintiffs claim that the merchandise in question is properly dutiable at the rate of 11½ per centum ad valorem as parts of a machine, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108; or at the rate of 13¾ per centum ad valorem as parts of an article having as an essential feature an electrical element or device pursuant to paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement of Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or at the rate of 19 per centum ad valorem as articles, not specially provided for, wholly or in chief value of metal, in paragraph 397, as modified by the sixth protocol, *supra*.

The pertinent provisions of the statutes under consideration read as follows: Paragraph 395 of the Tariff Act of 1930, as modified by T.D. 51802:

Print blocks, and print rollers not specially provided for, of whatever material composed, used for printing, sampling, or cutting designs_____ 40% ad val.

439

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:
    Adding machines_____    *   *   *
  *     *     *     *     *     *     *
    Other * * *_____ 11½% ad val.

Parts, not specially provided for, wholly or in chief value of
metal or porcelain, of any article provided for in any item
372 of this Part_____ The rate for the
                                                         article of which
                                                          they are parts.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as
electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens,
ranges, washing machines, refrigerators and signs, finished or unfinished,
wholly or in chief value of metal, and not specially provided for:
  *     *     *     *     *     *     *

    Calculating machines * * *
  *     *     *     *     *     *     *
    Other * * *_____13¾% ad val.
Parts, finished or unfinished, wholly or in part value of metal, not
specially provided for, of articles provided for in any item 353
of this Part * * *_____ The    s a m e
                                                           rate of duty
                                                          as the arti-
                                                          cle of which
                                                          t h e y    are
                                                          parts

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly
manufactured:
  *     *     *     *     *     *     *
    Composed wholly or in chief value of iron, steel, copper * * *:
        Typewriter spools wholly or in chief value of tin or tin plate.
        Not wholly or in chief value of tin or tin plate:
  *     *     *     *     *     *     *

        Other, composed wholly or in chief value of iron,
            steel, brass, bronze, zinc, or aluminum * * *__19% ad val.

At the trial, plaintiff's introduced nine exhibits in evidence. Plaintiffs' exhibit
1 was a schematic drawing of the Inta-Roto coating and laminating machine with
the placement of the roller in question indicated. Plaintiffs' exhibits 2, 3, and 4
were photographs depicting, respectively, the roller in its packing crate, the roll-
er riding in a bath of coating solution and applying same to a web of paper
feeding through the machine, and an unclear overall view of the drying tunnel
and coating station. Plaintiffs' exhibits 5, 6, 7, 8, and 9 consisted of materials
fed into the Inta-Roto coating and laminating machine and the products pro-
duced thereby.
Plaintiffs' exhibit 5 was uncoated tag board.

Plaintiffs' exhibit 6 was tag board identical to that of exhibit 5, after coating by the machine.

Plaintiffs' exhibit 7 was a piece of aluminum foil.

Plaintiffs' exhibit 8 was a foil-on-paper combination produced by the machine.

Plaintiffs' exhibit 9 was a "sandwich lamination," a combination of label paper on backing paper produced by the machine and known as pressure-sensitive label paper.

Paul H. Rigg, the only witness in the case, testified on behalf of the plaintiffs as follows: He has been employed for approximately 16 years by the Eastman Tag & Label Co. of Richmond, Calif., specialty printer of shipping tags and labels. Rigg is in charge of the estimating and planning production department.

He testified as to the use of the roller in question in the three functions of which the Inta-Roto coating and laminating machine is capable. These are the coating of paper with color, the production of laminated tinted foil, and of pressure-sensitive label paper. In the coating of paper, the roller in question is used to apply the coating material to the paper. As regards the production of laminated tinted foil, the testimony is to the effect that foil and paper stock are placed in the coating and laminating machine. An adhesive is applied to the paper, lamination takes place, and, in some stage of the operation, gold color is applied to the surface of the foil. In this process, two rollers are at work, one is metering out the glue and the other is metering out gold lacquer. The merchandise before the court is that part of the machine which applies the color to exhibit 8. The third function of the imported roller is in connection with the production of pressure-sensitive label paper. The witness has never seen or heard of any other use for the imported rollers than on the Inta-Roto coating and laminating machine.

The witness also testified that he had never seen or heard of the roller in question being used for printing, stamping, or cutting designs. He testified as to the physical unsuitability of the rollers for such work. They are covered with engraved lines in a regular and repetitious pattern which serves only to retain the pigment and apply it uniformly to the paper. The pattern does not lend itself to the printing of a design. The rollers have no cutting edge and are not used in processes having the requisite pressure for cutting or embossing.

The plaintiffs point out that the weight of the evidence demonstrates that the roller in question is not a print roller used for printing, stamping, or cutting designs, as classified by the collector. In this connection, *United States* v. *Perry Ryer & Co.*, 41 CCPA 18, C.A.D. 524, is cited. The court held that a McCorquodale machine, which simply deposited pigments on paper for use as paint advertising cards, was not performing a printing function and was, therefore, improperly classified as "printing machinery" under paragraph 372 of the Tariff Act of 1930, as modified.

The Government has conceded that the collector's classification is erroneous. In the light of the clear support of *United States* v. *Perry Ryer & Co.*, *supra*, and the weight of the testimony of the only witness, such a concession would seem to be warranted.

The defendant contends, however, that, although the collector's classification is erroneous, plaintiffs have failed to prove the correctness of their alternative classification. This, of course, is the second part of a protestant's burden in classification cases. Plaintiffs must not only disprove the collector's classification but also prove their own. *United States* v. *Gardel Industries*, 33 CCPA 118, C.A.D. 325.

The broad issue in this case is whether plaintiffs have successfully proved the correctness of their claims under paragraph 372, paragraph 353, or paragraph 397, all as modified.

Plaintiffs have introduced no evidence and made no argument with regard to the claims under paragraph 353 and paragraph 397, as modified. No testimony has been offered to prove that the machine in which the roller in question is placed has as an essential feature an electrical element or device, as would be required under paragraph 353, as modified. Nor has evidence been offered to the effect that the rollers in question are composed wholly or in chief value of one of the named metals, as would be required under paragraph 397, as modified. Consequently, plaintiffs' claims under paragraph 353, as modified, and paragraph 397, as modified, must be considered to have been abandoned. This is in keeping with the rule in customs cases that when no evidence is offered and no argument made in support of a claimed classification such claim should be considered abandoned. *J.M.P.R. Trading Corp.* and *Alltransport, Inc.* v. *United States*, 33 Cust. Ct. 226, C.D. 1658, affirmed in *Id.* v. *Id.*, 43 CCPA 1, C.A.D. 600.

The issue in this case can, therefore, be stated in its narrowed form as whether the plaintiffs have successfully proved that the roller in question is a part of a machine, not specially provided for, in paragraph 372, as modified. This then becomes a matter of sufficiency of evidence and, in particular, of evidence necessary to establish that an article is a "part" within the terms of the claimed provision.

Adverting to the statutes set forth above, and particularly to the "part" provision of paragraph 372, it is to be observed that to come within said provision a "part" must be "wholly or in chief value of metal or porcelain."

The record before us is lacking in any evidence as to the material of which the applicator roller in issue is composed, either wholly or in chief value. In the complete absence of any such proof, plaintiffs have failed to support their claim for classification of the instant merchandise within the provisions of paragraph 372 of the Tariff Act of 1930, as modified, *supra*, and we have no alternative but to overrule said claim.

For the foregoing reasons, the claim in the protest that the merchandise in issue is dutiable pursuant to paragraph 353 or 397 of the tariff act, as modified, *supra*, is dismissed. All other claims are overruled, without affirming the action of the collector of customs.

Judgment will issue accordingly.