(C.D. 3735)

EASTMAN TAG & LABEL Co. HARPER, ROBINSON & Co. } v. UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [Abstract 69567] March 13, 1969)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, of counsel) for the plaintiffs.

*William D. Ruckelshaus*, Assistant Attorney General (*James F. O'Hara, Dominick M. Minerva, Andrew P. Vance*, and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: This case comes before this court on a rehearing of *Eastman Tag & Label Co. and Harper, Robinson & Co.* v. *United States*, 55 Cust. Ct. 438, Abstract 69567, for the purpose of receiving evidence to establish the composition of the applicator-roller imported by plaintiffs. In the prior proceedings, the claims of the plaintiffs were overruled without affirmance of the action of the collector.

Said roller was classified by the collecter of customs at the port of entry under the provision for "print rollers not specially provided for, of whatever material composed, used for printing, stamping, or cutting edges," under paragraph 395 of the Tariff Act of 1930, as

modified by the General Agreement of Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at the rate of 40 per centum ad valorem.

Plaintiffs claimed that the merchandise in question was properly dutiable at the rate of 11½ per centum ad valorem as parts of a machine, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108; or at the rate of 13¾ per centum ad valorem as parts of an article having as an essential feature an electrical element or device, pursuant to paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or at the rate of 19 per centum ad valorem as articles, not specially provided for, wholly or in chief value of metal, in paragraph 397, as modified by the sixth protocol, *supra*.

The pertinent provisions of the statutes in issue as stated in the *Eastman Tag & Label Co.* case, *supra*, read as follows:

Paragraph 395 of the Tariff Act of 1930, as modified by T.D. 51802:

Print blocks, and print rollers not specially provided for, of whatever material composed, used for printing, stamping, or cutting designs_____ 40% al val.

Paragraph 372 of the Tarriff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:
 Adding machines_____ * * *
 * * * * * * *
 Other * * *_____ 11½% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 of this Part_____ The rate for the article of which they are parts.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
 * * * * * * *
 Calculating machines * * *
 * * * * * * *
 Other * * *_____ 13¾% ad val.

Parts, finished or unfinished, wholly or in chief value
 of metal, not specially provided for, of articles
 provided for in any item 353 of this Part * * *\_\_\_\_ The same rate
 of duty as the
 article of
 which they
 are parts.

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether
 partly or wholly manufactured:

 &ast; &ast; &ast; &ast; &ast; &ast; &ast;

 Composed wholly or in chief value of iron, steel,
 copper * * *:
 Typewriter spools wholly or in chief value
 of tin or tin plate.
 Not wholly or in chief value of tin or tin
 plate:

 &ast; &ast; &ast; &ast; &ast; &ast; &ast;

 Other, composed wholly or in chief
 value of iron, steel, brass, bronze,
 zinc, or aluminum * * *_____ 19% ad val.

The claims put forth by the plaintiffs that the article in question, said applicator roller, is properly dutiable as part of an article having as an essential feature an electrical element or device pursuant to paragraph 353, *supra*, or as an article, not specially provided for, wholly or in chief value of metal under paragraph 397, *supra*, have been deemed abandoned in our prior decision and would ordinarily not require any further discussion.

However, defendant has raised in its brief an interesting question which warrants some consideration. It is urged by the defendant that since plaintiffs in their brief have stated that "Further energy is clearly 'utilized' and 'applied' as energy from the electrical motor is used to turn the roller and to feed the paper through the process," it is incumbent upon the plaintiffs, in order to succeed in their remaining claim, to show that such utilization of electrical energy is not an essential feature of the machine.

A similar issue was considered in great detail by our appellate court in the case of *United States* v. *Edson Keith & Co.* (on rehearing), 5 Ct. Cust. Appls. 82, T.D. 34128. The items there involved were wreaths, clusters, sprays, bouquets, etc., made of artificial leaves, fruits, flowers, and grasses, bound together by wire. They were classified as artificial leaves, fruits, and flowers under paragraph 425 of the Tariff Act of 1897. The importer successfully claimed that the goods were manufactures in part of metal under paragraph 193 of said act. On rehearing, the Government insisted that if the merchandise could not

be classified as artificial fruits or flowers, they should be classified as manufactures in chief value of cotton or silk. The question then arose as to who had the burden of proof of establishing that the goods were in chief value of silk or cotton. The court said:

> The burden of proof—that is to say, the obligation imposed by law on a litigant of establishing a fact by evidence—never shifts; but the duty of meeting or overcoming evidence in favor of or against any given contention may shift from one side to the other during the progress of the trial, according as the nature and weight of the proofs tend to support or controvert the fact or facts, the ascertainment of which is necessary for the proper judicial determination of the case. *Central Bridge Corporation* v. *Butler* (2 Gray, 68 Mass., 130–132) ; *Scott* v. *Wood* (81 Cal., 398, 400–402).

> With this principle laid down, the question in the present controversy, as we see it, is not whether the importers were charged with the burden of proof, but whether they met their obligations by introducing credible, material, and competent evidence which showed, at least prima facie, that the collector's classification was incorrect and that the goods were dutiable under the paragraph claimed in the protest. If they did, then at the very least it was incumbent on the Government to offset that evidence by proof of equal weight tending either to sustain the collector's action or to prove that the goods were not dutiable under the paragraph claimed in the protest. The importers were not bound to make out their case to a moral certainty and beyond a reasonable doubt. To put the Government to its proofs, it was sufficient for the importers to show prima facie that their classification was correct and that the collector's classification was wrong; and once that was done the burden of proceeding shifted to the Government— not because the burden of proof had shifted, but because prima facie the importers had sustained that burden and proved their case by a preponderance of evidence. McKelvey on Evidence (2d ed., p. 66 *et seq.*) ; *Powers* v. *Russell* (13 Pick., Mass., 69, 76–77).

> \* \* \* \* \* \* \*

> \* \* \* Consequently, although the provisions for manufactures in chief value of cotton or silk are more specific than the provision for articles in part of metal, the goods here in controversy must be classified under the metal paragraph in accordance with the weight of the evidence, there being no evidence showing or tending to show that they are in chief value of silk or cotton.

In applying this discussion to the case at bar, we find, first, that the Government has conceded that the collector's classification is erroneous and we so held in our earlier decision in the light of our appellate court's decision in *United States* v. *Perry Ryer & Co.*, 41 CCPA 18, C.A.D. 524, and repeat here. Secondly, we are satisfied that the Inta-Roto coating and laminating machine is in fact a machine and is quite

similar in its function [1] (of coating paper with color) to the "Mc-
Corquodale Machine" which was held in the *Perry Ryer* case, *supra*,
to be "all other machinery finished or unfinished, not specially pro-
vided for," under paragraph 372 of the Tariff Act of 1930, as modified
by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305,
T.D. 51802.

Since the collector's classification has been successfully overcome,
and plaintiffs have shown that the Inta-Roto machine comes within
the provision for "other machinery, * * * not specially provided
for," the burden of proceeding further with respect to any alternative
claim now falls upon the Government. It is the Government's obliga-
tion to come forth with proof to the contrary, and, absent such proof,
its argument must fail.

In addition, a close scrutiny of the record reveals no evidence of
any electrical device being an essential feature of the Inta-Roto ma-
chine. Plaintiffs' statement in their brief that some electrical device
is utilized in the machine by itself is not controlling. It was incum-
bent upon the defendant to show that such device was essential to the
machine. There being no evidence, we must conclude that it was in
fact not essential.

The issue then becomes one of whether plaintiffs have successfully
proved that the roller in question is a part of a machine, not specially
provided for, in paragraph 372, *supra*. This is a matter of sufficiency
of evidence and, in particular, of evidence necessary to establish that
an article is a part within the terms of the claimed provision.

Under the provision of paragraph 372, *supra*, a part must be wholly
or in chief value of metal or porcelain. On rehearing, the parties have
stipulated that the roller is in chief value of metal, satisfying the
paragraph's requirement in respect of component material.

As was stated by our appellate court in *Gallagher & Ascher Com-
pany* v. *United States*, 52 CCPA 11, C.A.D. 849, "* * * whether a
given article constitutes a part of another article depends upon the
nature of the so-called part and, * * * to some degree on the func-
tion and purpose of the so-called part in its relation to the article
to which it attaches or with which it is designed to serve."

The roller here in question is a steel cylinder with a 42-inch face and
a 25½-inch circumference. It is engraved with a uniform quadrangu-
lar-shaped design, the sole function of which is to allow for the coating
material to be evenly distributed on the paper. The roller cannot be
used for printing, cutting, or embossing.

The roller is installed in the machine with slip blocks. It is geared
into the drive of the machine and rides in a trough which contains the

[1] The record in this case as to the description and function of the Inta-Roto machine
has been extensively discussed in our prior decision, *supra*, and further elaboration
would be merely superfluous.

liquid solution which is used to coat the paper. The paper rides over the roller and by capillary action the liquid is applied to the paper in a uniform manner.

The witness testified that the only use of this roller is in conjunction with the Inta-Roto machine in the coating and laminating process that said machine performs.

Defendant has argued that under *United States* v. *Ford Motor Company*, 51 CCPA 22, C.A.D. 831, for an article to be a part of another article, it must be dedicated to use with the article of which it is claimed to be a part, and that plaintiffs here have not shown that there is such dedication.

In the *Ford* case, there was ample evidence introduced to show that the items involved, certain parts of internal-combustion engines, while being parts of engines, were not necessarily parts of automobiles. It was established that some of the engines were used as industrial engines rather than for cars, and therefore, the court held that the parts could not be classified as parts of automobiles since they were not dedicated to such use.

Here, however, we have no evidence to show that these rollers were used with any machine other than the Inta-Roto machine. The uncontradicted testimony of plaintiffs' witness and all other evidence introduced at the trial indicate that, in fact, said rollers are dedicated to use only with the Inta-Roto machine.

Under the guidelines set forth in the *Gallagher & Ascher* and *Ford Motor Company* cases, *supra*, said roller is a part of a machine within the intendment of paragraph 372, *supra*. The claim in the protest to that effect is sustained. All other claims are overruled.

Judgment will be entered accordingly.