(C.D. 4051)

M. H. GARVEY CO. v. UNITED STATES

United States Customs Court, First Division

(Decided July 23, 1970)

*Walter E. Doherty, Jr.*, for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Owen J. Rader* and *Robert E. Burke*, trial attorneys), for the defendant.

Before WATSON and MALETZ, Judges, and WILSON, Senior Judge

WILSON, Judge: The above protests were consolidated for purposes of trial. The official papers were received in evidence without being marked. Plaintiff is a customs broker and made the entries herein for the account of Kyoto Imports of Orleans, Massachusetts.

The invoiced merchandise was exported from Japan and entered at the port of Boston on May 19, 1967 in protest 68/42830 and on May 4, 1965 in protest 66/10220. This merchandise is invoiced as either paper painted scrolls or as paper painted screens.

Classification was made under the Tariff Schedules of the United States (TSUS) item 389.30 as articles, not specially provided for, of textile materials of silk, other, with duty at 27½ per centum ad valorem, or under item 256.90 as articles in chief value of paper, with duty at 17½ per centum ad valorem.

The importer claims respectively under item 765.05 or item 765.03 * free of duty as original paintings, pastels, drawings or sketches, executed wholly by hand, or as drawings or paintings executed wholly by hand, whether or not originals. A further claim in the protest is that the merchandise, paper painted scrolls, classified under item 256.90 with duty at 17½ per centum ad valorem is subject to duty at 8 per centum ad valorem under item 765.07. This latter claim was not argued at the trial or briefed by respective counsel, and is deemed abandoned. This claim will be dismissed. *Stan Newcomb and Barbara Todd* v. *United States*, 37 CCPA 18, 19, C.A.D. 413 (1949) ; *Marianao Sugar Trading Corp.* v. *United States*, 41 CCPA 236, 242, C.A.D. 557 (1954) ; *United Metal Goods Mfg. Company* v. *United States*, 46 CCPA 120, 121, C.A.D. 712 (1959).

---

*Item 765.03 replaced item 765.05 pursuant to Pub. L. 89–651, §§ 2, 4(a), October 14, 1966, 80 Stat. 897. This change applied to articles entered for consumption on or after February 1, 1967, as proclaimed by Presidential Proclamation No. 3754, 31 F.R. 14381, of November 3, 1966.

The Statutes

Tariff Schedules of the United States:

Classified:

Schedule 2, Part 4, Subpart D:

    Articles, of pulp, of papier-mâché, of paper, of paperboard, or of any combination thereof, not specially provided for:

    *     *     *     *     *     *     *

    Other:

256.90      Other _____ 17.5% ad val.

Schedule 3, Part 7, Subpart B:

    Articles not specially provided for, of textile materials:

    *     *     *     *     *     *     *

    Other articles, not ornamented:

    *     *     *     *     *     *     *

    Of silk:

    *     *     *     *     *     *     *

389.30      Other _____ 27.5% ad val.

Claimed:

Schedule 7, Part 11, Subpart A, Works of Art:

Subpart A headnotes:

    1. This subpart does not cover—

    *     *     *     *     *     *     *

    (ii) painted or decorated manufactured articles (such as, but not limited to, vases, cups, plates, screens, trays, cases, and chests);

    *     *     *     *     *     *     *

    (iv) any articles of utility or for industrial use.

    *     *     *     *     *     *     *

765.03  Paintings, pastels, drawings, and sketches, all the foregoing, whether or not originals, executed wholly by hand_____ Free
[or]

    Paintings, pastels, drawings, and sketches, all the foregoing, whether or not originals, executed wholly by hand:

765.05      Originals _____ Free

The only witness, Mr. Paul Donham, testified in behalf of the plaintiff. He offered eight photographs as collective exhibit 1 and also three photographs as collective exhibit 2. Counsel stipulated that these exhibits depicted in the pictures are similar to the merchandise that was imported. (R.16.) The defendant offered neither oral nor other evidence, but did cross-examine Mr. Donham. This evidence of Mr. Donham is summarized later in this opinion.

Counsel stipulated (R. 9):

> MR. RADER: There is some confusion. We will stipulate that the paper painted screens advanced and classified under Item 256.90, as articles of paper and paper painted scrolls, advanced and classified under 256.90, as articles of paper, and the silk painted scrolls, advanced under 389.30 to $27\frac{1}{2}$ per cent, under articles of textile materials, are the only articles at issue on these entries.

Donham stated that collective exhibit 1 consists of photographs of screens and wall screens with one exception, which is a scroll; that they are types of screens covered by the items in dispute, which he sells, and are the same in all material respects to the screens in both protests; that collective exhibit 2 consists of photographs of three modern scrolls. The witness placed an "X" on the back of the modern scrolls. They are the same in all material respects as the scrolls shown on the invoice.

Counsel also stipulated that all items in the invoices for which no specifically named artist is shown are no longer the subject of dispute or subject to the protest and were properly classified.

In summary it may be stated that the testimony of Donham is not controverted; that the screens and scrolls are original paintings which were produced by hand by recognized artists in Japan whose declarations are part of the record; that about 90 percent of the imported involved items were made by Isshi Kawakatsu who is a graduate of Kyoto Academy of Art and a professor at Kyoto University in Japan, as well as a teacher at the Tshijo School of Art in Kyoto, Japan; that Kawakatsu demonstrated his method of creating works of art out of his own imagination. Donham, in his testimony, displayed personal familiarity with the importations and their use, and testified, based upon his experience therewith, that they are works of art, and are so guaranteed by him to his purchasers.

In *Cheesewright Studios* v. *United States*, 67 Treas. Dec. 131, 135, T.D. 47491 (1935), the court stated:

> Upon consideration of all the evidence in the record before us, we are of the opinion that the plaintiffs herein have made a *prima facie* showing that the two articles in controversy are very fine copies of original works of free fine art, and as such they

are entitled to classification under paragraph 1449 of the Tariff Act of 1922. The protest is therefore sustained as to that claim, and the collector of customs will reliquidate accordingly. Judgment will be rendered for the plaintiffs.

In *Abercrombie & Fitch Company* v. *United States*, 49 CCPA 129, C.A.D. 808 (1962), the court held certain wooden framed wall hangings dutiable as works of art under paragraph 1547(a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802. The court stated it found that the therein imported miniatures possessed a considerable amount of "beauty and artistic character", and that the above paragraph "should not be limited to include only works of the free fine arts." The therein involved artist did not attend an art school. The court held that to be irrelevant on the issue of artistic nature of the work as he was by general reputation admitted to be an artist.

See also *United States* v. *China and Japan Trading Co.*, 58 Fed. 690 (C.C.A. 2) (1893); *Wm. S. Pitcairn Corp.* v. *United States*, 39 CCPA 15, C.A.D. 458 (1951); *Hartman Trading Corp.* v. *United States*, 56 Cust. Ct. 201, C.D. 2628 (1966).

In the case of *Technical Tape Corp.* v. *United States*, 55 CCPA 38, 42, C.A.D. 931 (1968), the court stated:

> * * * The burden required of an importer seeking to overcome the presumption of correctness of the decision of the collector is to prove by a preponderance of evidence that the collector's classification is incorrect, and that his sought classification is correct. He is not required to prove his case to a moral certainty or beyond a reasonable doubt. * * *

In the case at bar, the preponderance of uncontroverted evidence presented by the plaintiff is clearly to the effect that all of the items in the invoices, where specific artists are named and where declarations are part of the official papers in evidence, are indeed works of art created by such artists. The plaintiff has thus presented a *prima facie* case.

Plaintiff was not required to establish its claim by "a moral certainty and beyond a reasonable doubt." See *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T.D. 34128, 26 Treas. Dec. 143 (1914); *A. Millner Co.* v. *United States*, 46 CCPA 97, C.A.D. 706 (1959), cited in the *Technical Tape Corp.* case *supra*.

The defendant, in its brief, argues that plaintiff's witness admitted that the scrolls and screens may have utilitarian use, and therefore the question whether the merchandise falls within the purview of headnote 1 (ii) and (iv) is in issue. It is asserted that headnote 1 of the subpart covering item 765.05 excludes "manufactured articles" and "articles of utility." Reference is made to the witness' testimony at

R. 20, 21, but the court cannot conclude that the witness affirmatively conceded that the importations were "manufactured articles" or "articles of utility." His testimony generally and overall is to the effect that the screens and scrolls are "works of art" made by artists whose names appear in the official papers in evidence as their respective original compositions.

The court has considered all of the evidence and the arguments presented by counsel and finds that plaintiff has made out a *prima facie* case to the effect that the imported screens and scrolls are properly classifiable under TSUS item 765.05 or item 765.03 and are therefore importable "free of duty."

Any claim for duty at 8 per centum ad valorem under TSUS item 765.07 or otherwise is dismissed. *Stan Newcomb and Barbara Todd* v. *United States*, 37 CCPA 18, 19, C.A.D. 413 (1949) ; *Marianao Sugar Trading Corp.* v. *United States*, 41 CCPA 236, 242, C.A.D. 557 (1954) ; *United Metal Goods Mfg. Company* v. *United States*, 46 CCPA 120, 121, C.A.D. 712 (1959).

Judgment will be entered in conformity with the foregoing.